CASE 8.—ACTION BY MARY FORD AGAINST THE METRO- . POLITAN LIFE INS. CO. ON A POLICY ON THE LIFE OF HER DECEASED HUSBAND.—June 4.

## Metropolitan Life Ins. Co. v. Ford

Appeal from Jefferson Circuit Court.

C. P. BRANCH (First Div.) EMMET FIELD Judge.

Judgment for plaintiff, defendant appeals.— Affirmed.

1. Insurance—Life Policy—Misrepresentations—Evidence—Question for Jury.—In an action on a life policy, defended on the

vol. 126—4

ground that the insured had misrepresented the extent of his use of intoxicants, evidence held to support a finding that his representations were substantially true and insufficient to defeat a recovery.

2. Same.—An insurer issuing a life policy has the right to inform itself of the habits of the insured with respect to the use of intoxicants and he must truthfully give the information asked; but, unless his representations are substantially untrue, they are not misrepresentations precluding recovery on the policy.

3. Same—Application for Other Insurance—Rejection—Misrepresentations—Evidence.—An insurer defending an action on a life policy on the ground that the insured falsely stated that an application to another insurer for insurance had not been rejected has the burden of proving that the rejection was made known to the insured before he applied for the policy sued on; there being no rejection until knowledge· of it was received by the insured.

4. Same—Presumption.—In the absence of proof that an insured knew of the rejection of his application for other insurance at the time he applied to an insurer, it will be presumed in an action on a policy issued by the latter that his answer in the application, that applications for other insurance had not been rejected, was true.

5. Same—Misrepresentations—Evidence.—An applicant for a life policy stated in his application that applications for other insurance had not been rejected. The application was dated July 18th. He had applied for other insurance and the medical examiner on July 3d made a report thereon, rejecting the risk. It was not shown when the rejection was ordered made by the insurer, or that the applicant was notified thereof· Held to authorize a finding that the applicant did not have knowledge of the rejection of his application for other insurance, and that his statements were not misrepresentations sufficient to defeat a recovery on the policy.

6. Same—Evidence—Instructions.—Where, in an action on a life policy, defended on the ground that insured had in his application falsely stated that applications for other insurance had· not been rejected, the evidence showed that an application for other insurance had been rejected fifteen days before the date of the application, but did not show that he had been notified of the rejection prior to the making of the application, an instruction that the representations in the application as to there having been no refusal of insurance did not prevent a recovery, unless insured had knowledge of such refusal when

the application for the policy sued on was signed, properly submitted the issue.

7. New Trial—Grounds—Cumulative Evidence.—A new trial after verdict on the ground of newly discovered evidence was properly denied; the evidence being as to a point litigated and cumulative.

EUGENE R. ATKISSON AND F. M. SACKETT for appellant.

POINTS AND AUTHORITIES DISCUSSED.

1. A peremptory instruction should have been given for defendant: Sec. 639, Ky. Stats.; Providence Savings Life Assurance Society v. Dees, 27 Ky. Law Rep., 670; Providence Savings Life Assurance Society v. Whayne's admr., 93 S. W., p. 1052; Union Central Life Ins. Co. v. Lee, 20 Ky. Law Rep., 839; Mutual Life Ins. Co. v. Thompson, 94 Ky., 253; American Aid Society v. Bronger, 12 Ky. Law Rep., 284; Metropolitan Life Ins. Co. v. Schmidt, 93 S. W., 1056; Anderson v. Fitzgerald, 4 H. L. Cas., 484; American Aid Society v. Bronger, 12 Ky. Law Rep., 284; Meyer Bruns v. Penn Mutual Life, 189 Pa., 579; March v. Metropolitan Ins. Co., 186 Pa., 629; American Union Life v. Judge, 181 Pa., 484; Finch v. Modern Woodmen, 113 Mich., 646; Ferris v. Home Life, 118 Mich., 485; Mutual Life v. Nichols, 24 S. W., 910; Clapp v. Mass. Ben. Assn., 146 Mass., 519; Kelly v. Life Ins. Co., 113 Ala., 453; Hambrough v. Mutual Life, 72 L. T. N. S., 140; Bennett v. Anderson, 1 Ir. Jur., 245; Union Nat. Bank v. Manhattan Life Ins. Co., 52 La. Ann., 36; Landon Assurance Co. v. Masel, L. R. 11 Ch. Div., 363; Fowkes v. Manchester Ins. Co., 3 Fost. & F., 440; Germania Life Ins. Co. v. Nukenheimer, 127 Ind., 536; Security Mutual Life Ins. Co. v. Webb., 106 F. R., 808; Kemp v. Good Templars, 19 N. Y. Sup., 435; Edington v. Aetna Life Ins. Co., 77 N. Y., 5640; S. C, 100 N. Y., 536; Clemens v. Supreme Assembly, 131 N. Y., 485; Bernard v. United Life Assn., 32 N. Y. Sup., 224; Aloe v. Mutual Reserve Fund, 49 S. W., 553; Bruce v. Conn. Mutual Life, 77 N. W., 210; Mutual Life v. Nichols, 24 S. W., 910; Home Life Ins. Co. v. Myers, 112 F. R., 846; Jeffries v. Life Ins. Co., 22 Wall., 47; Stuart v. Mutual Reserve, 78 Hun., 191; Finn v. Metropolitan Life, Atl., 438.

2. The court erred in instructing the jury that applicant's misrepresentation as to prior rejection by another company would avoid the policy sued on only in the event that he had been informed of that fact by the company to which he had made application, or had knowledge of the fact that his application for other

Metropolitan Life Ins. Co. v. Ford.

insurance had been refused: Germania Ins. Co. v. Rudwig, 80 Ky., 223; Carrollton Furniture Mfg. Co. v. American Credit Co., 115 F. R., 77; 16 Amer. Encycl. Law (2d Ed.), 933; Kerr on Ins., p. 343; 1st May on Ins., sec. 181; American Mutual Aid Society v. Bronger, 12 Ky. Law Rep., 284; Providence Savings Life Assurance Society v. Dees, 27 Ky. Law Rep., 670; American Union Life Ins. Co. v. Judge, 191 Pa., 484; 43d Atl., 374.

3. The court should have granted defendant a new trial on the ground of newly discovered evidence: Ousley, Sr., v. Ousley, Jr., 25 Ky. Law Rep., 1186.

CARUTH, CHATTERSON & BLITZ for appellee.

AUTHORITIES CITED.

1. Whether or not the answers made by the insured to the questions in the application were "substantially true" was properly left to the jury: Providence Savings Life v. Whayne, 29 Ky. Law Rep., 167; Mutual Life Ins. Co. v. Thomson, 94 Ky., 259; Providence Savings Life Co. v. Dees, 27 Ky. Law Rep., 671; Metropolitan Life Ins. Co. v. Schmidt, 29 Ky. Law Rep., 256.

2. The court correctly instructed the jury on the question of misrepresentations, and properly directed it to find for the plaintiff if the answers made were substantially true or to find for the defendant if any of them (stating the questions and answers) were substantially untrue: Providence Savings Life v. Dees, 27 Ky. Law Rep., 671; Providence Savings Life v. Whayne, 29 Ky. Law Rep., 167; Illinois Life Ins. Co. v. DeLang, decided February 8, 1907.

3. The instruction to find for defendant if the jury believed from the evidence that Ford had applied to another insurance company and had not received the exact amount of insurance that he applied for; and that he had been informed of that fact by the company to which he had made application; or he had knowledge of the fact that his application of insurance had been refused, expresses correctly the law on that question. The burden of proof was on the defendant, and there is no proof that he had been informed or knew of his rejection. He could not make a misrepresentation of something as to which he had no knowledge: Vol. 2 Joyce on Insurance, sec. 1846 and sec. 1823; Metropolitan Life Ins. Co. v. Schmidt, 29 Ky. Law Rep., 256; American Mutual Aid Society v. Bronger, 12 Ky. Law Rep., 285; German American Ins. Co. v. Norris, 100 Ky., 229.

4. The motion for a new trial because of "newly discovered evidence" was properly overruled. There was a complete absence

of diligence; and the "newly discovered evidence" was not of such a character as to warrant a court in setting aside the verdict of a jury: City of Covington v. Bostwick, 26 Ky. Law Rep., 782; Illinois Central R. R. Co. v. Colly, 27 Ky. Law Rep., 714.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This is an appeal from a judgment of $1,000 recovered against appellant by appellee in the court below upon a policy of insurance on the life of her husband, John Ford, whose death occurred in Jefferson county. The application for the policy bears date July 18, 1905. The policy was issued and delivered to the insured during the same month and his death, caused by acute Bright's disease, occurred October 16, 1905. Three matters of defense were presented in the court below by appellant's answer: (1) That, in order to pass the required physical examination at the hands of appellant's physician, the insured caused himself to be personated by another who falsely assumed his name and thereby deceived the physician; (2) that the insured misrepresented the extent to which he used intoxicating liquors; (3) that he falsely represented that he had not applied for other insurance and been rejected.

As to the first contention of appellant, there was a failure of proof. The issue was, however, submitted to the jury by the instructions, and no complaint is made by appellant that the verdict of the jury could have been otherwise than adverse to it in respect to that defense.

As to the second contention, the evidence was conflicting. That of appellant conduced to prove that Ford drank intoxicating liquors to excess, even to intoxication at times, but not that he was an habitual drunkard. On the other hand, appellee's testimony

tended to prove that he was a moderate drinker of intoxicants. This testimony came, in the main, from fellow workmen and intimate friends of the insured, whose opportunities for learning his habits were afforded by daily association with him covering a period of from two to ten years. Some of them admitted they had seen him on two occasions when he appeared to be drinking, but did not testify that such was his habit. The insured, in reply to a question, stated in the application that he drank "two whiskies a week." The application did not specify the quantity or quality of intoxicants he was privileged to drink, or prohibit his taking that number each week. The testimony fails to show that he took more than two drinks any week. Obviously this question should have gone to the jury, and it was allowed by the court to do so. There was some evidence, and a very considerable amount of it, to support the finding of the jury, and we cannot say the verdict was flagrantly against the evidence as to that question. While appellant insurance company had the right to inform itself of the habits of the insured, and it was his duty to truthfully give it the information asked, unless the representation made by him as to his use of intoxicating liquors was substantially untrue, it cannot be called such a misrepresentation as would prevent a recovery. In Mutual Life Insurance Company v. Thompson, 94 Ky. 259, 14 Ky. Law Rep. 800, 22 S. W. 89, the court, in discussing this question, said: "But it seems to us an inquiry in regard to the previous habits of drinking intoxicating liquors is not material, unless they exist to such an extent as to affect the health or physical condition of the applicant, and thereby render him an unsatisfactory subject for life insurance." In Provi-

dent Savings Life Assurance Society v. Dees, 120 Ky. 285, 86 S. W. 522, 27 Ky. Law Rep. 670, the question of misrepresentation as to the use of intoxicants by the insured was involved, and the court held that it was a question for the jury, to be submitted under proper instructions. Provident Savings Life Assurance Society, etc. v. Whayne, 93 S. W. 1049, 29 Ky. Law Rep. 160; Metropolitan Life Ins. Co. v. Schmidt, 93 S. W. 1055, 29 Ky. Law Rep. 256.

Appellant's third contention rests upon the following questions and the answers thereto, all found in the application signed by the insured: "Have you ever applied to any life insurance company, order, or association for insurance on your life without receiving the exact kind and the amount of insurance applied for? (If 'yes,' give particulars.") To this Ford answered: "No." "State name of the life insurance company, order, or association which has declined to issue a policy on your life, or, after issuing, has recalled it, or has postponed you, except as stated in the foregoing answer." To which Ford answered: "None." The evidence appearing in the record shows that the insured applied on June 23, 1905, 25 days before applying to appellant, for a policy of insurance in the Commonwealth Life Insurance Company, and that he was examined by the medical examiner of that company June 29th, which was seventeen days before the application was made to appellant; that the medical examiner reported to the Commonwealth Life Insurance Company on July 3d rejecting the risk. It further appears from the evidence that it is the custom of the Commonwealth Life Insurance Company to pass on the report of examination in a day or two after they are received at the chief office, or during the same week. The evidence does

not, however, show when the rejection of Ford's application was ordered or made by that company, or that he was ever notified of its rejection. The report of the medical examiner is not always accepted. If adverse to the applicant, the company may nevertheless offer some other form of policy to the applicant than the one applied for, or it may order another examination. It only appears in the case at bar that the application of Ford for insurance in the Commonwealth Life Insurance Company was rejected by that company between June 29 and July 18, 1905. The burden was upon appellant to show that the rejection had been made known to Ford before he applied to appellant for insurance. It failed to prove that this was done, and appellee testified that she was constantly with her husband and knew all about his business, and that he was never informed of the rejection of his application by the Commonwealth Life Insurance Company. The fact that he sought and obtained insurance of appellant is not even persuasive of his having been notified of his rejection by the other company, in view of his having about that time declared his intention to obtain $1,500 or $2,000 of insurance on his life. It is not apparent, therefore, that Ford did not state the truth as he knew it in representing to appellant that he had not been refused insurance at the hands of another company previous to his applying to appellant for insurance. His rejection by the Commonwealth Life Insurance Company was not complete or effective until notice or information of it was received by him. Such notice in some form or by some means was necessary to constitute the rejection, and, until it was received by him, he had no right to believe that the insurance for which he had applied would not be granted to him.

In the absence of proof that Ford knew of his rejection by the other company when he applied to appellant for insurance, it will be presumed that the answers made by him in the written application to appellant, as to other insurance, were true. It must be conceded that, if Ford made the misrepresentation attributed to him, it was as to a matter material to the risk which appellant had the right to know, but, if he did not know that another company had declined to issue to him a policy, how can it be said that the answers made by him on that subject in the application to appellant were untrue, or that they were misrepresentations? It was the duty of the jury to determine from the evidence whether the insured at the time of making the answers contained in the application knew of the previous refusal of another company to insure him, and the burden was on appellant to show such knowledge on his part. If there had been such a refusal, and the insured knew of it, his answers were untrue, and they constituted misrepresentations. The meaning of the verdict is that he did not have such knowledge, and that his statements were not misrepresentations, and, as there was evidence to support the verdict, it must stand. 2 Joyce on Insurance, section 1846, thus states the principle controlling the question under consideration: "There are two important factors involved in cases of concealment. One is the assured's knowledge, and the other the insurer's knowledge. In both cases the knowledge may be actual, or rest upon a presumption based upon the fact that the circumstances are of such a character that they ought to be known, and may reasonably be presumed to be known. The assured could not reasonably be held to have concealed a fact of which he had no knowledge, actual

or presumed, or one concerning which it cannot be said that he ought to have known it. Even the strict rule in marine insurance does not require this."

The instructions given by the trial court are as follows: "Gentlemenof the jury: You should find for the plaintiff in the sum of $1,000, with interest from November 1, 1905, unless you shall believe from the evidence that some other man than John Ford named in the policy of insurance issued by the defendant was examined by the medical director of the defendant for the John Ford named in the petition. If some other man was substituted for John Ford, and procured to be examined by the medical director in the place of the John Ford named in the petition and in the policy of insurance, then the law is for the defendant, and you should so find. When John Ford made application to the company for insurance, there were certain questions submitted to him by the company to be answered by him if the John Ford named in the policy was the man who answered the questions submitted. The questions and answers were as follows: '(1) To what daily or other extent do you use alcoholic stimulants?' To which he answered: 'Two whiskies a week.' '(2) To what daily or other extent do you use wine or malt liquors?' To which he answered: 'No.' '(3) Have you ever applied to any life insurance company, order, or association for any insurance on your life without receiving exact kind and amount of insurance applied for? (If "yes," give particulars.)' To which he answered: 'No.' '(4) State name of life insurance company, order, or association which has declined to issue a policy on your life, or after issuing has recalled it, or has postponed you, except as stated in the foregoing answer.' To which he answered: 'No.' (5) Have you ever under-

gone examination for life insurance upon which you did not receive the exact amount and kind of policy applied for? (If "yes," give particulars.)' To which he answered: 'No.' Now, if you shall believe from the evidence that the answers given by John Ford to these questions or to either of them were not substantially true, and you shall further believe from the evidence that he drank materially more whisky or other intoxicants named in these questions than he stated in the answers he did drink, then the law is for the defendant, and you should so find. Or, if you shall believe from the evidence that he had applied to another insurance company, and had not received the exact amount of insurance that he had applied for, and that he had been informed of that fact by the company to which he had made application, or he had knowledge of the fact that his application for other insurance had been refused, then the law is for the defendant, and you should so find. But unless you shall believe from the evidence that the answers given by John Ford to the questions named, or either of them, were substantially untrue, or that some other person was substituted for John Ford in the medical examination, then the law is for the plaintiff, and you should so find for the plaaintiff to the extent that I have indicated to you in the beginning of these instructions."

It is insisted for appellant that, though in the main correct, the instructions contain one error. The alleged error is in advising the jury in substance that the representations in the application as to there having been no refusal of insurance to Ford by another company would not prevent a recovery, unless he had knowledge of such refusal, when the application in question was signed by him. The lower

court doubtless acted upon the theory that under the facts of this case there could have been no rejection by another insurance company of the application from Ford for insurance without his knowledge, because notice to him of the refusal was necessary to constitute the rejection. We think this is true, and for this reason the case at bar is unlike the several cases, some of them recently decided by this court, relied on by counsel. We think the instructions apply to the facts of this case, and that they contain all the law that was necessary to guide the jury in arriving at a verdict.

It is further insisted for appellant that it should have been granted a new trial on account of the alleged newly discovered evidence set forth in the affidavit filed in the court below. The newly discovered evidence is as to an application for insurance claimed to have been made by Ford to the Interstate Life Insurance Company before his application was made to appellant for insurance, and that the application was rejected. The affidavit of appellant's agent does not show proper diligence. On the contrary, it is reasonably apparent that the evidence in question might by proper diligence have been discovered in time for the trial of this case. Besides, it is as to a point litigated on the trial, and is purely cumulative. "It is a general rule that a new trial should not be granted upon the sole ground of a discovery after verdict of parol testimony concerning a point litigated, or a fact known to a party at the trial, because the converse of this rule would open a wide field for unfairness and subornation, and would tend to protract litigation, and render it not only uncertain, but almost interminable." City of Covington v. Bostwick, 82 S. W. 569, 26 Ky. Law Rep. 782; I. C. R. R.

Co. v. Colly, 86 S. W. 538, 27 Ky. Law Rep. 714; Finley v. Curd, 62 S. W. 50, 22 Ky. Law Rep. 1914; Richardson v. Huff, 43 S. W. 454, 19 Ky. Law Rep. 1429; Price v. Thompson, 84 Ky. 220, 8 Ky. Law Rep. 201, 1 S. W. 408.

We are therefore of opinion that the court did not err in refusing the new trial on the ground of newly discovered evidence.

Finding no cause to disturb the judgment appealed from, the same is affirmed.