## ROBINSON v. FIDELITY TRUST CO.

(Circuit Court of Appeals, Eighth Circuit. May 15, 1911.)

### No. 3,145.

1. GUARANTY (§ 6*)—REQUISITES AND VALIDITY—NOTICE OF ACCEPTANCE.
    Where, after negotiations, a bank prepared an agreement of guaranty of the present and future indebtedness of a corporation, and sent it to the president of the corporation, with a request that he sign and return

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

it, which was done, no further act of acceptance on the part of the bank was requisite to render it effective with respect to future loans.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 8; Dec. Dig. § 6.*]

2. GUARANTY (§ 16*)—CONSIDERATION—SUFFICIENCY.

An agreement by a bank to extend the term of credit of a corporation which is indebted to it, by renewal of its notes as they mature, is a sufficient consideration for a guaranty of the indebtedness, both present and future, by the president of the corporation.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. §§ 14–17; Dec. Dig. § 16.*]

3. GUARANTY (§ 17*)—FAILURE OF CONSIDERATION.

Where a bank agreed to carry the indebtedness of a corporation to it for a further time on condition of a guaranty of the same by the president, with a proviso that, if financial conditions should change, so that it could not continue to carry the amount, it would notify him, so he could pay it down, there was no failure of consideration for the guaranty because of any change in financial conditions, where the bank continued to fulfill its agreement by renewing or extending the notes of the corporation without objection.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 19; Dec. Dig. § 17.*]

Appeal from the District Court of the United States for the District of Minnesota.

In the matter of Josiah L. Robinson, bankrupt. From an order allowing a claim in favor of the Fidelity Trust Company, the bankrupt appeals. Affirmed.

See, also, 179 Fed. 724.

W. L. Converse (W. A. McDowell and D. L. Grannis, on the brief), for appellant.

Justin D. Bowersock (Lister M. Hall, on the brief), for appellee.

Before HOOK, Circuit Judge, and RINER and W. H. MUNGER, District Judges.

HOOK, Circuit Judge. The Fidelity Trust Company, a banking institution of Kansas City, Mo., secured an allowance of a demand against the estate of Josiah L. Robinson, a bankrupt, and the latter prosecuted this appeal. The demand arose in this way: Early in October, 1907, a corporation of which Robinson was president owed the trust company on promissory notes about $50,000, and he desired the line of credit for that amount extended for another year. After negotiations, oral and written, the trust company prepared and mailed to Robinson, October 23, 1907, a form of agreement containing, after preliminary recitals of the situation, a guaranty by him of the present and future indebtedness of the corporation, not exceeding in all the specified maximum and interest. He signed and returned it. Robinson was adjudged bankrupt April 10, 1908. The demand allowed against his estate was upon the guaranty of the notes.

[1] It is contended by Robinson that, as the guaranty was in part prospective, to that extent it required acceptance by the trust company before it became effective, and there was none. But acceptance ap-

peared from the very course of the transaction. The trust company sought the guaranty, and prepared the agreement and mailed it to Robinson with request that he sign and return it. Moreover, with respect to future loans, it was provided in the agreement that each transaction with the principal debtor should, without notice to Robinson, constitute an acceptance of his guaranty thereof. Again, but one of the notes was discounted after Robinson had agreed to guarantee them, and that was accepted by the trust company on the faith of his statement that he would sign the written agreement when it was prepared and sent to him.

[2] It is also contended there was no consideration for the guaranty. In contracts of guaranty, as in other contracts, a promise for a promise is enough, and the promise of the creditor may be for the benefit, not of the guarantor, but of the third party who owes the principal debt. In the case here Robinson's corporation owed the trust company. An extension of the line of credit for another year was desired. To secure it Robinson promised to guarantee the existing indebtedness and future renewals and replacements. In turn the trust company promised so to extend the credit. That was the round transaction in its completeness, and there was sufficient consideration for the guaranty of both existing and future indebtedness. The promise of the trust company appears by necessary implication from its conduct, the course of the transaction, and the provisions of the agreement which it required, prepared, caused the guarantor to sign, and retained in its possession. It could not have been heard to say it did not agree to carry the debtor corporation for the amount and period specified. The agreement recites the existing conditions, the desire for a continuance of the credit to enable the corporation to carry on its business, the request of Robinson that it be granted, and then his agreement of guaranty to accomplish the purpose set forth in the preambles. Before the year expired, Robinson's company went into the hands of a receiver, and Robinson himself, while insolvent, committed an act of bankruptcy. The trust company was then at liberty to proceed upon its claim.

[3] In the course of the negotiations referred to the trust company wrote Robinson October 8, 1907, that if he would guarantee the loans it would extend the credit for the year provided the financial conditions did not materially change from what they were then, and that if they did change, so that it could not continue to carry so large a sum, it would advise him in time so he could pay it down. It is claimed by Robinson in this connection that conditions did change materially, and that the financial panic of that year came to a crisis the latter part of October, its full influence being felt in Kansas City when the agreement of guaranty was signed, and therefore the event guarded against by the trust company came to pass, it was released from its obligation, and the consideration for his guaranty failed. The final written agreement contained no such condition as in the letter of October 8th, but a different conclusion would not result from bringing the letter and the other negotiations forward as part of it. On October 23d a note for $5,000, a part of the old indebtedness, was renewed at the instance

of an officer of the debtor corporation, and Robinson was advised of it on the 23d in the letter which transmitted the agreement of guaranty for execution. The trust company at no time claimed the financial conditions were such as to modify or lessen the full extent of its obligation. It gave no notice to that effect to Robinson or to his corporation, and at no time declined to renew or extend the old notes or take others in their place. Nor did the evidence show that the condition specified in the letter arose. The financial change which occurred affected the circulation of money rather than the renewal of loans previously made. Robinson's corporation had drawn out its credit balance, and a renewal of its notes would more naturally have required payments to the trust company than disbursements by it. About the middle of November, 1907, the debtor corporation was put in the hands of a receiver in a stockholders' suit, and there is no contention that before this occurred the trust company did not stand ready to fulfill its agreement.

The order is affirmed.