Hon. EDGAR N. HARWOOD, } Associate Justices.
Hon. WILLIAM H. DE WITT, }

WOODMAN, RESPONDENT, *v.* CALKINS ET AL., AP-
PELLANTS.

[Argued October 8, 1892. Decided October 2, 1893.]

BOND—*Sureties—Failure of principal to sign.*—In an action brought by an officer
upon an indemnity bond given him to maintain an attachment it is no defense
on behalf of the sureties that they signed such bond only on the condition and
understanding that their principal should sign it before its delivery, which
was not done, and of which condition the officer was ignorant, as such bond
would be a valid obligation of the sureties without the signature of the prin-
cipal procuring and delivering it, and his failure to sign would affect no sub-
stantial right of the sureties. (*Hoskins* v. *White, ante,* page 70; *Wibaux* v.
*Grinnell Livestock Co.,* 9 Mont. 154; *Ney* v. *Orr,* 2 Mont. 559; *Pierse* v. *Miles,*
5 Mont. 548; *Hedderick* v. *Pontet,* 6 Mont. 348, cited.)

*Appeal from First Judicial District, Lewis and Clarke County.*

Action on bond. Judgment on the pleadings was rendered
for the plaintiff by HUNT, J. Affirmed.

(363)

Statement of the case by the justice delivering the opinion.

This action is commenced by plaintiff, as constable, against the defendants, who were sureties on an undertaking to indemnify plaintiff, as constable, for holding property which he had seized on an attachment, and which was claimed by persons other than the defendant in the attachment suit.

Archie Beaton brought suit against Patrick Leo, in the justice court, *to recover seventy-four dollars.* A writ of attachment was issued in that action, and given to plaintiff, a specially deputed constable, for service. The constable levied upon the sum of forty-five dollars and eighty-five cents in the hands of P. J. Touhy.

Wise & Goodkind served written notice upon the constable, claiming the moneys, so levied upon, as belonging to them, and demanding the delivery of the same to them. The constable informed the plaintiff in the action of that fact. Thereupon the defendants executed and delivered to plaintiff a written undertaking, which is attached to the complaint in this action. In consideration of that undertaking the constable paid over the money so levied upon to the plaintiff in the action. The undertaking was to the effect that the parties thereto would save the plaintiff herein harmless from said claim of Wise & Goodkind.

Afterwards Wise & Goodkind brought action against this plaintiff, and recovered judgment against him for the amount which they had so claimed as their property in the hands of said Touhy.

Plaintiff now brings action against these defendants, sureties on said undertaking, for damages by reason of the judgment against him, which he had paid.

The undertaking which these defendants gave, named as parties thereto, Archie Beaton as principal, and R. M. Calkins and J. S. Featherly as sureties. It was executed by the sureties only, and not by the principal. The above facts appear by the complaint in this action.

The answer, among other things, set forth "that it" (the undertaking or bond) "was signed by these defendants as sureties, on the condition and understanding that he" (said Beaton) "should sign it before it should be delivered; that said Beaton

never signed the same, nor did any one in his behalf, and that these defendants never intended, nor consented, that it should be delivered without his signature."

On the motion of plaintiff, the court rendered judgment in favor of plaintiff, upon the pleadings.

Did the plea of defendant, as to the agreement in reference to the delivery of the undertaking, form an issue which should have been tried? If so, the judgment on the pleadings is contended by appellants to be error.

*David B. Carpenter*, for Appellants.

*R. R. Purcell*, for Respondent.

The undertaking pleaded as the foundation of the suit is a valid statutory undertaking, and is a valid obligation without the signature of the principal. (*Pierse* v. *Miles*, 5 Mont. 549; *McIntosh* v. *Hurst*, 6 Mont. 287; *Dair* v. *United States*, 16 Wall, 1; *Tidball* v. *Halley*, 48 Cal. 611; *Goodyear Dental Co.* v. *Bacon*, 148 Mass. 542; *Goodyear Dental Co.* v. *Caduc*, 144 Mass. 85.)

HARWOOD, J.—The foregoing statement of the case by Mr. Justice De Witt, is sufficient for the purposes of this decision. The judgment of the trial court, in our opinion, should be affirmed.

Beaton, the principal, who procured the undertaking to be executed by the sureties on his behalf, and received the attached money from the officer (which money was not subject to the attachment), was liable therefor, without signing the undertaking, in an action by the officer, as well as to reimburse his sureties for whatever they were compelled to pay by reason of their engagement in said undertaking, on behalf of the principal. Both the principal and sureties could have been sued in the same action, or if the principal was not joined in the action brought by the officer against the sureties, they could have required the principal to be brought in and made party defendant in the action against the sureties, and have execution levied against the principal first. (*Hoskins* v. *White*, *ante*, page 70; *Wibeaux* v. *Grinnell Livestock Co.*, 9 Mont. 154.)

Thereby liability for the same damage would have been fastened upon the principal debtor, along with the sureties. No substantial right of the sureties was lost, by reason of the principal failing to sign said undertaking. Nor are they even inconvenienced thereby, for had they made the principal a party defendant with them in the action against the sureties, the instant there were shown grounds for recovery of damages from the sureties for the default of the principal, the same showing would have been ground for judgment against the principal obligor also. The defense alleged by the sureties that the 'undertaking "was signed by these defendants as sureties on condition and understanding" that the principal, Beaton, should sign it also; "and that these defendants never intended nor consented that it should be delivered without his signature," involves no fact or condition, which, under the law, would have given them any right or remedy for reimbursement or contribution, which they do not already possess. Therefore, no substantial defense was set up by the answer in that respect, and the court ruled correctly in disregarding it. (*Wibeaux* v. *Grinnell*, 9 Mont. 154, and *Hoskins* v. *White, ante,* page 70.) The law, as expounded in the case of *Ney* v. *Orr*, 2 Mont. 559, when rightly considered, would lead to the same conclusion, because the pleading in the case at bar does not show that the officer who turned over the attached property to Beaton on receiving said undertaking for his protection in so doing, was at all cognizant of the "condition and understanding" of the sureties that Beaton, the principal, should sign the undertaking before it was delivered; or that defendants "never intended that it should be delivered" without the signature of Beaton, principal. It has been held that such statutory undertakings are good and binding obligations of the sureties without the signature of the principal, who procures and delivers the same on his behalf. Therefore, so far as the undertaking shows on its face, the officer and his legal advisers, were justified in accepting it as a good and valid obligation of the sureties, although not signed by the principal. (*Pierse* v. *Miles*, 5 Mont. 549; *Hedderick* v. *Pontet*, 6 Mont. 348.)

The argument, that under all circumstances or in all engagements on obligations, it cannot be affirmed as a legal propo-

sition, that it would be of no material legal advantage to the sureties to have the principal's signature on the bond or undertaking, has no force in this case. The question in this case must be decided, and decided on the legal conditions involved in it. If the sureties have lost any material legal right by reason of the omission of the principal to sign this undertaking (obligating himself to do as principal what the law obliges him to do without the undertaking) it has not been pointed out or in any manner suggested in this case. It is well known that there are bonds and obligations whereby the liability of both principal and sureties arise from, and is founded upon, the instrument alone, and where the principal could neither be held liable directly to the obligee, nor collaterally as between him and the sureties without his signature, but such is not the case at bar. And we do not perceive how general suggestions of doubts respecting those cases are applicable in deciding this, or will aid in correctly deciding such other cases when they arise.

An order will be entered affirming the judgment of the trial court.

PEMBERTON, C. J., concurs.

DE WITT, J. (*concurring*).—I am not wholly satisfied that it is of absolutely no advantage to the sureties to have the principal's signature on the undertaking; nor am I satisfied that, under all circumstances, sufficient evidence of the liability of the signing sureties would also be alone proof of the liability of the nonsigning principal. I think cases might arise where the proof would have to go a pace further. But the suggested advantage to the sureties is probably not sufficiently substantial in this case to be noticed. I therefore concur in the affirmance.