CASE 39.—ACTION BY MARY E. DAVIS AGAINST THE COM-
MONWEALTH LIFE INSURANCE COMPANY.—Jan-
uary 13, 1910.

## Commonwealth Life Insurance Co. v. Davis

Appeal from Boyd Circuit Court.

W. C. HALBERT, Circuit Judge.

Judgment for plaintiff, defendant appeals.—Re
versed.

1. Insurance—Actions on Policies—Evidence—Statutes.—Ky. St.
Sec. 679 (Russell's St. Sec. 4400), providing that no applica-
tion for insurance or rules of the company having any bearing
on a contract of insurance shall be admissible in a contro-
versy between the parties unless a copy thereof is made a
part of the policy, does not apply where the policy was never
issued, and the application and receipt for the first premium
form the only evidences of a contract between the parties.
2. Insurance—Contract in General—Construction—Application.—
A condition in the receipt for the first premium paid for life
insurance that no obligation was incurred by the company
unless at the date of the delivery of the policy insured was
in sound health was binding, and, where an insured person
was ill from the disease from which he died before the policy
was issued, no recovery can be had.

GREGORY & McHENRY and HAGER & STEWART for ap-
pellant.

JAS. A. WILLIAMS for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Re-
versing.

On January 30, 1907, the appellee, Mary E. Davis,
applied to appellant company for insurance in the
sum of $500 upon the life of her husband, David

Davis. She paid the agent of the company 60 cents, the amount of the first premium and agreed to pay a like amount every week during the life of the policy, but no other premium was paid or offered to be paid by her during the life of the insured. When the payment was made, she took from the agent the following receipt: "Received from Mrs. Davis sixty cents, being a deposit on account of application for insurance in the Commonwealth Life Insurance Company made this date, which said deposit is to be paid by me to the company if the application be accepted, and returned to the applicant if the application be rejected. No obligation is incurred by said company by reason of this deposit, unless and until a policy is issued upon said application, and unless at the date and delivery of said policy the life proposed is alive and in sound health." On the back of this receipt there was printed: "If the holder of this receipt does not receive a policy of insurance or the return of the money herein receipted for within three weeks, write, stating name of agent and particulars to Darwin W. Johnson, Secy., Louisville, Ky." At the time this application was made the insured was in good health, but on March 11, 1907, he was stricken with an attack of pneumonia and died from the effects of this disease on March 17, 1907. At the time of his death no policy in pursuance of the application had been delivered to the insured or Mrs. Davis, but the policy had been issued and sent to the local agent for delivery. This suit was brought by Mrs. Davis to recover the amount of the insurance less 60 cents a week from the date of the application until the death of the insured. The lower court rendered a judgment against the company for the amount claimed, from which judgment it prosecutes this appeal.

The case went off on a demurrer to the answer of the company, and so no dispute as to the facts appears in the record. In her petition Mrs. Davis averred that the company accepted the risk and issued a policy in accordance with the application which was sent to the local agent to be delivered to the insured, but that the insured was sick with the disease from which he died at the time the policy was received by the local agent, and he refused to deliver it. In an answer, to which a demurrer was sustained, the company admitted the execution of the receipt, the payment of 60 cents, and that the application of the insured was accepted by it, but on account of errors and unavoidable delays not until March 12th, at which time it issued a policy and sent it to the local agent, who received it on March 14th, but refused to deliver it for the reason stated, but tendered back the 60 cents. It denied its liability upon the ground that both the receipt and application stipulated that no obligation was assumed by the company "unless at the date and delivery of said policy the life proposed is alive and in sound health," and that, as the insured was not in sound health either when the policy was issued by it or received by its local agent, it incurred no obligation under the contract.

It being admitted that the policy was not issued while the insured was in sound health, or delivered to him at all, the case narrows down to the single question whether or not the receipt of the first premium, the acceptance of the application and the issual of a policy completed an enforceable contract between the parties nothwithstanding the conditions in the receipt and application. It is insisted by counsel for Mrs. Davis, and the lower court apparently so ruled, that neither the receipt nor the application, both of

which contain the condition upon which the company relies to defeat a recovery, can be considered because they were not attached to the policy. Section 679 of the Kentucky Statutes (Russell's St. § 4400) provides that: '' All policies * * * which contain any reference to the application of the insured, or the constitution, by-laws, or other rules of the corporation, either as forming part of the policy or contract, between the parties thereto, or having any bearing on said contract, shall contain or have attached to said policy or certificate a correct copy of the application as signed by the applicant, * * * and unless so attached and accompanying the policy, no such application * * * shall be received as evidence in any controversy, between the parties, to or interested in said policy or certificate, and shall not be considered a part of the policy or of the contract between such parties.'' The argument is made that, as neither the receipt nor application was made a part of the policy neither of them can be considered. We are somewhat at a loss to understand upon what ground this argument is based, when it is admitted that no policy was ever delivered to the insured. If the policy had been delivered to the insured, and it failed to contain or have attached to it a copy of the receipt or application, and a suit had been brought on the policy so delivered, the statute would be applicable, and neither the receipt nor the application would be competent evidence. Whether either or both were attached to the policy actually issued we do not know. It is fair to presume that they were. Here the beneficiary is attempting to hold the company liable upon a policy that was not delivered to the insured, and at the same time insisting that the only evidence showing that

any contract of insurance was ever attempted to be made should not be considered. If the receipt and application are eliminated from the case, then there is nothing to show that any contract of insurance was ever attempted to be made.

The case for Mrs. Davis is rested solely upon the ground that the first payment was made accompanied by an application which was accepted. The issue between the parties is briefly this: The beneficiary contends that the contract of insurance was entered into, while the company claims that only an application for insurance was made and that the contract was not fully executed until the application was accepted, and a policy issued and delivered in accordance with the terms of the application. We therefore think it is clear that the statute does not embrace the case we are considering, and that both the receipt and application are admissible to determine the rights of the parties.

The answer of the company avers that the policy was not issued until March 12th, and that on March 11th the insured was stricken with the disease from which he died. So that, accepting this averment as true, the insured was not in sound health when the policy was actually issued by the company. Under these circumstances, it is manifest that a valid contract of insurance was not made, as one of the conditions upon which the company agreed to issue and deliver the policy was that the insured should be in sound health at the date of its issual and at the time of its delivery. The company had the right to annex this condition to the application, and, although it may have accepted the application in ignorance of the condition of the health of the insured, it had the right according to the plain language of the application to

decline to issue the policy or decline to deliver it if before issual or delivery it ascertained that the insured was not in sound health. Having this view, we can not agree with counsel for Mrs. Davis that the contract was completed when the application was accepted. This view of the case would ignore entirely the reasonable condition in the application. The very writing upon which the insured made the proposition to the company to issue him a policy agreed that the company might do this, and this part of the proposition is as valid and enforceable as any other feature of it.

There is a line of authorities holding that, when a policy is issued and sent or given to an agent to be delivered by him to the insured, the agent is the agent of insured, and that the receipt of the policy by the agent has the same effect as the delivery of it to the insured would have. New York Life Ins. Co. v. Babcock, 104 Ga. 67, 30 S. E. 273, 42 L. R. A. 88, 69 Am. St. Rep. 134; 25 Cyc. 720. But an examination of the authorities so holding will disclose that at the time the policy was received by the agent the insured was in good health, and, this being so, the policy would be treated as if delivered to the insured when received by the agent. The distinction between these cases and the one we are considering is plain, as here it is conceded by the pleadings that, when the policy was delivered to the agent, the insured was on his deathbed. In Mutual Life Ins. Co. v. Thompson, 94 Ky. 253, 22 S. W. 87, 14 Ky. Law Rep. 800, relied on by counsel for appellee, it does not appear that the application or policy contained the provision found in this application in this case, and the court held that, as the policy was sent to the agent to be unconditionally delivered to the insured, its re-

ception by the agent was in effect a delivery to the insured.  In Cooper v. Pacific Mutual Ins. Co., 7 Nev. 116, 8 Am. Rep. 705, the court held that, when the company accepted the application and issued the policy, a valid contract was completed between the parties, although the insured died before the policy was delivered.  But in that case there was no condition that the policy should not be valid unless the insured was alive and in good health at the time of its delivery.  In Lee v. Union Central Ins. Co., 41 S. W. 319, 19 Ky. Law Rep. 608, the receipt given to the insured for the first premium at the time of his application stipulated that he was to be insured from the date of the receipt, provided the application was approved.  The application was approved and a policy issued, but before its delivery Lee died, and the court held that the condition in the receipt and the issual of the policy completed the contract.  The answer of the company presented a good defense, and the demurrer should have been overruled.

Wherefore, the judgment is reversed, with directions to proceed in conformity with this opinion.