## Snedeker v. Metropolitan Life Insurance Company.

(Decided October 6, 1914.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, First Division).

1. Insurance—Delivery of Policy—Failure to Deliver Before Death of Insured—Effect.—Where the application attached to a policy of insurance provides that the company shall incur no liability until the policy has been issued and delivered and the full first premium paid, and the insured dies before the first premium is paid or the policy is delivered to him, or to anyone else for him, the contract is not binding on the company.

2. Insurance—Modification Not Attached to Policy—Kentucky Statutes, Sections 666, 679.—Under sections 666 and 679, Kentucky Statutes, a written policy of insurance cannot be modified by

an agreement in the form of a receipt, or in any other form, unless the alleged modification is attached to the policy.

STANLEY R. WOLD and JOSEPH S. LAWTON for appellant.

WM. MARSHALL BULLITT, KEITH L. BULLITT and BRUCE & BULLITT for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, Letitia Snedeker, brought this action against the defendant, Metropolitan Life Insurance Company, to recover on a thousand dollar policy insuring the life of her son in her favor. The law and facts were submitted to the court, and judgment rendered in favor of the defendant. Plaintiff appeals.

The stipulated facts show that on October 12, 1910, Elbert Spencer applied to defendant company for a $1,000 life insurance policy. His mother, the plaintiff, was designated as beneficiary. The premium stipulated in the application was $41.71 a year, payable in quarterly installments of $11.06 each. When the application was made, Spencer paid defendant's agent the sum of $3.00. The agent issued to Spencer the following receipt:

"Received of Mr. Elbert Spencer, three dollars on account of application made this date for insurance in the Metropolitan Life Insurance Company. Said amount is to be applied on account of the policy, if one be issued by said company, or to be returned to applicant if the company shall decline this application. If a policy is issued and the applicant refuses to accept it and pay the balance of the first premium, this advance payment will be forfeited to the Company. No insurance is in force upon the application unless and until a policy be issued thereon and delivered in accordance with its terms."

The application signed by Spencer contains the following:

"The company shall incur no liability under this application until it has been received, approved and the policy issued and delivered, and the full first premium stipulated in the policy has actually been paid to, and accepted by, the Company during the lifetime of the life proposed."

The company accepted the application, issued a policy and mailed it to its local agent to be delivered to the insured. The agent received the policy on October

22, 1910. The policy was never delivered to Spencer or to anyone for him, nor was the first premium on the policy ever paid. During the time that the policy was in the agent's possession, Spencer was in good health. On October 30th Spencer was run over by a train and killed.

The policy provides that the policy and the application therefor (which application is attached to the policy) shall constitute the entire contract between the parties.

In addition to the foregoing facts the plaintiff testified that the application was taken by Mr. Olcott and Mr. Broecker, and when the $3.00 was paid "they said that was sufficient until the policy came from the home office at Louisville, Kentucky. They said that as soon as it came from the home office it was in full force." Marie Spencer, a sister of Elbert Spencer, who was also present, said: "They said the three dollars would insure him for $1,000 as soon as it came back from the home office, and that the three dollars would cover the policy from the time it was taken out."

For the defendant Messrs. Broecker and Olcott both testified that no such statement was made, and that they had no authority to make such a statement. Defendant's manager and actuary also testified that the soliciting agents, Olcott and Broecker, had no authority to bind the company by any statement inconsistent with the application.

Counsel for plaintiff insist that the delivery of the policy to defendant's agent was in effect a delivery to the insured. Whatever may be the rule in other jurisdictions, such a rule does not prevail here. In the recent case of Smith v. Commonwealth Life Ins. Co., 157 Ky., 147, the policy of insurance was mailed by the company to its agent in Kentucky for delivery to the insured. The insured died before the policy was delivered. The policy provided that it should become binding on the company only in the event that it should be delivered. In denying a recovery the court said:

"By the express terms of the policy the company incurred no obligation unless the policy was delivered while the insured was alive. Defendant's local agent was not the agent or broker of the insured. The delivery of the policy to him was not delivery to the insured. The local agent never delivered the policy to the insured or to any one for him prior to the death of the insured. Indeed, the policy was never delivered at all. That being

true, the contract never became binding on the defend-ant."

To the same effect is Commonwealth Life Ins. Co. v. Davis, 124 S. W., 345; McGregor v. Metropolitan Life Ins. Co., 143 Ky., 488. Upon a reconsideration of the question, we see no reason to depart from the principles of the foregoing cases.

In the recent case of Citizens National Life Ins. Co. v. Murphy, 154 Ky., 88, the company sought to recover the first premium on a policy which the insured had refused to accept. The policy contained a provision to the effect that no liability attached to the company until the first premium was actually paid, while applicant was in good health. It was held that insured was under no liability to pay the premium because he had refused to accept the policy, and the contract of insurance had therefore never become binding. It was also held that there was no consideration for the note executed by the insured for the premium. To hold the delivery of such a policy to the company's agent a delivery to the insured would impose upon the company a liability without any corresponding liability on the part of the insured.

But it is further insisted that the provision contained in the application in reference to the prepayment of the premium was waived by the preliminary agreement contained in the receipt delivered to the insured at the time of the making of the application, and that the soliciting agent expressly waived the provision of the application that the first premium should be paid in full. In support of this proposition, we are referred to the case of Cole v. Union Central Life Ins. Co., 60 Pac., 68, 47 L. R. A., 201. There the receipt provided: "This is to certify that Mr. Thomas H. Cole has paid the sum of $3.00 (three) as part payment of his policy, which is binding on the company from this date." The application contained a stipulation that if the policy should be issued, no liability should attach to the company until the policy should be delivered and the first premium paid. The insured died before the policy was issued. The beneficiary was allowed to recover on the theory that the action was "upon a written policy modified by the preliminary agreement."

The case before us is not like the case *supra*. Fairly construed, the receipt contains no modification of the contract. Furthermore, under our statutes, there can be no such thing as a written policy of insurance modified

by an agreement in the form of a receipt, or in any other form, unless the alleged modification is attached to the policy. Kentucky Statutes, Section 666, 679; Provident Savings Life Assurance Society v. Withers, 132 Ky., 541. For a like reason, the contention that the soliciting agents of defendant expressly waived the provision of the application that the first premium be paid in full, is without merit.

Nor can we say that the retention of the policy by defendant's agents for about a week was so unreasonable as to give effect to the policy, notwithstanding its conditions. In McGregor v. Metropolitan Life Ins. Co., 143 Ky., 488, the policy was in the possession of the agent three weeks before it was returned to the company, and a recovery was denied.

In view of the fact that the policy was not to become effective until delivery, and the whole of the first premium was paid, the fact that the $3.00 paid when the application was signed was sufficient to carry the insurance until the death of the insured, in no way affects the liability of the company.

Judgment affirmed.