## Commonwealth Life Insurance Company v. McGuire.

(Decided December 7, 1920.)

### Appeal from Daviess Circuit Court.

Insurance—Payment of Premiums—Failure to Deliver Policy.—
Where a payment on the first premium on a life insurance policy
accompanies the application for insurance, and is to be applied to
such premium in case the application is accepted and the policy
issued, but to be returned in case the application is rejected, and
the application is accepted and policy issued and forwarded by
the company to its local agent for delivery to the insured and the
collection of the balance of the premium, but the agent negligent-
ly fails to deliver the policy although requested so to do by the
insured or his agent, the policy is nevertheless in full force, for
the agent of the insurance company in such case is the agent of
the insured and holds the policy for his use and benefit.

E. B. ANDERSON for appellant.

LA VEGA CLEMENTS for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The agent of the Commonwealth Life Insurance Com-
pany took from Lawrence McGuire of Owensboro, on
August 11, 1917, a written application for a policy of
life insurance for $500.00 on the life of McGuire and
McGuire at that time paid him one dollar, which was to
be applied on the first premium installment if the appli-
cation was accepted and the policy issued, and gave to
McGuire a receipt which reads as follows:

"August 11, 1917.

"Received from Lawrence McGuire $1.00, being a
deposit on account of application for insurance in the
Commonwealth Life Insurance Co., made on the life of
self for $500.00, which said deposit is to be paid to the
company if the application be accepted and returned to
the applicant if the application be rejected. No obliga-
tion is incurred by said company by reason of this de-
posit unless and until a policy is issued upon said ap-
plication, and unless at the date and delivery of said
policy the life proposed is alive and in sound health.

"C. W. POOLE.
"Signature of agent receiving deposit."

This application was sent to the main office of the company in Louisville, and on the 17th the company issued the policy to McGuire, which is the subject of this litigation, and mailed it to its agent in Owensboro for the purpose of delivery to McGuire, and the collection of the balance of the premium. The policy was received by the agent about August 19th or 20th. According to the weight of the evidence as found by the court below, one of the agents working out of the Owensboro office called at the McGuire home on the morning of the 20th and delivered another policy to Mrs. McGuire, and told her that he had forgotten to bring the policy on the life of McGuire but would go back to the office and immediately bring it to her. She insisted that he do this and assured him that she had the money ready to pay the balance of the premium and to return immediately with the policy on McGuire, but he did not return that day. Late in the afternoon of the next day, McGuire was injured in a motorcycle collision, from which injuries he died on the 22nd. At the time of the application for and issual of the policy as well as at the time the policy was received at the office of the agent in Owensboro for delivery and at the time the agent called at the McGuire home and promised to go and immediately bring the policy on McGuire and deliver it to Mrs. McGuire, as per the arrangement made with McGuire, he (McGuire) was in good health. The policy was never actually delivered by the agent to Mrs. McGuire or to the insured, and that is the ground upon which the company has refused to pay the policy and, therefore, that is the only question for determination in this case. Under the facts stated was the policy, in contemplation of law, delivered to the insured; or, was actual delivery waived by the company? If either of these things be true, the trial court correctly held the company liable on the policy, otherwise the judgment was erroneous. The spendidly written and well reasoned opinion of Judge Slack, who presided at the trial, with the array of authorities there cited has been of great service to this court in the determination of the questions involved and preparation of this opinion.

By the terms of the application signed by McGuire and the receipt signed by Poole as agent of the insurance company, it was agreed that the company was not to incur liability on account of the deposit of one dollar

with the agent "unless and until a policy is issued upon said application and unless at the date and delivery of said policy the life proposed is alive and in sound health." And further that the one dollar received with the application for the insurance on the life of McGuire "is to be paid to the company if the application be accepted." The application was duly and regularly accepted and the policy issued on August 17th and placed in the mails, directed to the local agent of the insurance company at Owensboro for the purpose of delivery to McGuire and the collection of the balance of the premium. The one dollar which McGuire paid to the agent who took the application and which sum accompanied the application to the insurance company, immediately, upon the issual of the policy, became the property of the insurance company and McGuire was not entitled to a return thereof. McGuire was in good health and was therefore entitled to receive the policy. The contract, therefore, was a completed one and there remained nothing to be done except the actual delivery of the policy, if that were necessary, and the collection of the balance of the premium. A provision in a policy that it shall not be valid, unless the premium is paid when insured is in good health, may be waived by an agent who has authority to take applications for insurance, and power to collect the premium and remit it to the company. Connecticutt Indemnity Ass'n v. Grogran's Admr., 53 S. W. 959. We think, however, under the rule adopted by this court in the case of Commonwealth Life Insurance Company v. Davis, 136 Ky. 344, and other cases there cited, the mailing of the policy contract by the company to its agent at Owensboro was a delivery of the contract to McGuire, the insured, for the local agent at Owensboro who received the policy for delivery was the agent of McGuire to receive the same for him, Mutual Life Ins. Co. v. Thompson, 94 Ky. 253, and the moment the agent at Owensboro received this contract there was a delivery of the same to the insured in contemplation of law. No actual delivery was necessary. We so held in the Davis case, *supra*, saying, "There is a line of authorities holding that, when a policy is issued and sent or given to an agent to be delivered by him to the insured, the agent is the agent of insured, and that the receipt of the policy by the agent has the same effect as the delivery of it to the insured would have. New York Life Ins. Co. v.

Babcock, 104 Ga. 67, 30 S. E. 273; 42 L. R. A. 88; 69
Am. St. Rep. 134; 25 Cyc. 270. But an examination of
the authorities so holding will disclose that at the time
the policy was received by the agent the insured was in
good health, and, this being so, the policy would be
treated as if delivered to the insured when received by
the agent.''

In the case of Mutual Life Insurance Company of
New York v. Thomson, &c., 94 Ky. 257, where the facts
were very similar to those of this case, we said: ''It
seems to us the contract of insurance must, under such
circumstances, be regarded as completed and binding on
the parties before death of the assured, and that it was
both the right and duty of Cochran to deliver the policy
as was done. For not only was it placed in his hands
by Buckley for that purpose, but the latter received and
appropriated to use of the company amount of the prem-
iums that had been placed to credit of Cochran. The
lower court did not, therefore, err in assuming and in-
structing the jury that the policy had been delivered.''

The text in Cyc. on this subject is, ''Where nothing
remains to be done but to issue a policy in accordance with
the terms of the application by way of acceptance of
such application, the contract becomes complete when
the policy is placed in the mail, postage prepaid, for de-
livery in due course to the insured. Likewise the placing
of the completed policy in the hands of the agent for
delivery without condition to the insured completes the
contract, although the actual delivery by the agent to the
insured is not made before the death of the insured.''
25 Cyc. 718.

One of the best statements of the law applicable to
the facts of this case is found in 14 R. C. L. 898, where
it is said, ''Where an application is made for a life
policy and a sum of money paid to the agent of the in-
surer to be applied on the first premium if the insurer
decides to issue a policy, the contract is complete on the
issuance of the policy, and no delivery is essential.''

The same text on page 899 says: ''The deposit of
an insurance policy in the mails, addressed to the in-
sured, is a delivery to him, and the same is true of the
mailing, or otherwise delivering the policy to the agent
of the insurer with unconditional instructions to deliver
the same to the insured, though it is otherwise where
the instructions to the agent are conditional. Where

the terms of an executed policy have been unconditionally, accepted by the insured, and it has thereafter been treated as in force by the parties, its delivery will be regarded as complete, though it remains in the hands of the insurer's agent."

As said in New York Life Insurance Company v. Babcock, 104 Ga. 67, "The controlling question, then, on this subject of delivery is, not who has actual possession, but who has the right of possession." McGuire undoubtedly was entitled to the possession of the policy which had been issued upon his life and in which his wife was named as beneficiary and on which a part of the premium had been paid and which he had demanded, and payment of the balance of the premium offered. The agent had no right to retain possession against him; in fact the agent was holding the contract for the use and benefit of McGuire.

Joyce on Insurance, secs. 97b, 100, 102 and 103.

Whether the possession followed the right of possession and the policy was, in legal contemplation, in possession of the insured at the time of the accident to and death of the insured, McGuire, or the company had by its conduct waived actual delivery of the policy, the plaintiff Mrs. McGuire was entitled to recover on it and the trial court did not err in so holding.

Judgment affirmed.