## Kentucky Central Life and Accident Insurance Company v. Pemberton.

(Decided January 22, 1926.)

### Appeal from Boyd Circuit Court.

1. Insurance—Delivery of Policy by Company to Agent Held to have Constituted Unconditional Delivery to Insured.—Where insured's application and advance payment of premiums were accepted, and policy issued and mailed to agent, held, that delivery to agent constituted an unconditional delivery to insured, though agent was required to make certain memoranda from policy.

2. Reformation of Instruments—Evidence Held to Warrant Reformation of Effective Date of Policy.—Evidence of agent's agreement that policy should be effective from date of application justified reformation of premium receipt providing that it should be effective from delivery, and of the policy itself, and, aside from such evidence, the receipt justified reformation of policy dated later than date of delivery to agent for delivery to insured.

3. Insurance—Liability of Insurer Not Defeated by Postdating of Policy in Violation of Agreement.—The postdating of a policy of insurance by company in violation of an agreement will not defeat a liability accruing in meantime, when terms of agreement had been complied with by insured.

ROBERT T. CALDWELL and PETER, LEE, TABB & KREIGER for appellant.

PRICHARD & MALIN and JOHN T. DIEDERICH for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

William R. Pemberton was in January, 1923, a fireman of the city of Ashland, and on the 9th of that month applied to appellant's local agent for a $2,000.00 accident policy. His written application was prepared and signed, and he on that day paid to the local agent $3.15, being $1.75 policy fee and four weekly premiums of 35 cents each in advance.

The following day his application was forwarded by the agent to the home office of appellant at Anchorage, Ky., and on the 11th of January his application was accepted, and either on the 11th or the 12th the policy was prepared and mailed by the company to its local agent at Ashland for delivery to insured, and was received by that agent on Saturday afternoon, the 13th of January.

At the time of the application the local agent gave to Pemberton a receipt for $3.15, which, among other things, recited:

"No liability is assumed by said company unless said application is accepted and the policy delivered."

The application as signed by Pemberton fixed no effective date for the policy, but when the policy was thereafter prepared after acceptance by the company and apparently without any agreement between it and the insured except as is shown by the receipt, the company assumed to and did date the policy January 15th. On the late afternoon of January 14th Pemberton while engaged in his duties as driver of a fireman's truck was almost instantly killed in an accident.

This is an action by appellee, the designated beneficiary in that policy. The petition, in addition to alleging the acceptance of the application, the issual of the policy and the delivery of same to defendant's agent for delivery to Pemberton, sets up the fact that defendant's agent had on the 9th of January, 1923, given him a receipt for the $3.15 that day paid him by Pemberton, and which receipt contained the provision heretofore quoted; and then alleges that by mutual mistake of Pemberton and the agent, acting for defendant, there was omitted from the written receipt an agreement at the time entered into between them to the effect that in consideration of the payment of the $3.15 at that time the policy thereby applied for should be in full force and effect from and after that date, and that the company would from that date be bound and liable for such insurance in the full sum thereof to the beneficiary.

By an amendment it is alleged that the policy was wrongfully and improperly dated January 15, 1923, in violation of the agreement between Pemberton and appellant's agent, and that the same should have been in compliance with such agreement dated January 9th, 1923.

The defenses, in addition to certain denials, are that the local agent had no authority to vary any of the terms of the printed receipt, application or policy, or to make any collateral verbal agreement or representation at variance therewith, or any authority to bind defendant as to the date the policy should become effective, and that the decedent from said printed receipt had actual notice of said agent's want of such authority. It also relies

upon its alleged custom of issuing all policies dated on Monday after they are accepted, but does not allege that decedent had any knowledge of this custom, and denies that the policy was delivered to Pemberton during his lifetime.

The action was originallly brought as a common law one, but upon motion of defendant, it was transferred to the equity docket.

After the taking of all the evidence the cause was submitted, and thereafter the plaintiff entered a motion to set aside the order of submission and to be permitted to file an amended petition to conform to the proof. The court, over defendant's objection, permitted this to be done, and after the filing of the amendment the defendant declined to take any further proof, and the case was resubmitted. That amendment alleges, in substance, that the omitted provision from the receipt dated January 9th was so omitted either by the mutual mistake of the decedent and appellant's agent, or by the mistake of the decedent and the fraud of the agent, and that because of said mistake or fraud the receipt did not contain the entire agreement between them, and that the application for said policy likewise in the same manner failed to provide for the effective date of the policy. It reiterates the allegation that the agent had represented to decedent at the time the application was executed that the policy of insurance would be in full force and effect, and the beneficiary protected thereby in the amount of the insurance from that date, and that decedent relied upon these statements and representations, and except for the same would not have paid his money or applied for such policy.

The court entered a judgment reforming the receipt and the application so as they should each provide that the insurance should be effective in its full amount from and after January 9th, 1923, and reformed the policy of insurance so as to bear date of January 9th, 1923, instead of January 15th, and then entered a judgment, upon the policy as so reformed for $2,000.00.

The three grounds for reversal urged are:

1. That the delivery to appellant's agent was not a delivery, under the facts, to the decedent.

2. That the evidence did not authorize the reformation of the instruments involved.

3.   That the verbal agreement with the agent, made in excess of his authority, is not binding upon the company because decedent had notice of his lack of authority to make such agreement.

On the first question there is little difficulty.   The application was accepted and the policy issued and mailed to the agent for delivery to the insured on either the 11th or 12th of January, and was received by him on the 13th. On each of those dates the insured was alive and in good health; he had paid in advance for four weeks the weekly premiums on that policy, and the company not only had received those payments, but had made upon its books certain entries with reference thereto showing its appropriation.   There is no contention that anything was left for the insured to do in order to effectuate this insurance. But it is contended that because appellant's local agent upon receipt of the same was required to make certain memoranda from the policy for his convenience in the future, the delivery to him for delivery to the insured was not an unconditional one.   Obviously the contention is unsound, for there is such conditional delivery only when there yet remains something for the insured to do to effectuate the insurance, such as the payment of a whole or a part of the first premium; and the fact that after such delivery to the local agent his duties required that he should make certain memoranda from the policy in order thereafter to aid him in the prosecution of his duties, does not affect the unconditional nature of the delivery to him.

There are two lines of cases in this state dealing with the effect of the delivery of a policy to the agent for delivery to the insured.   One holds that where a policy or application provides the insurance shall not be effective until delivered to the insured while he is living and in good health, if at the time of the delivery to the agent the insured is not living or not in good health, the delivery to the agent is not a delivery to the insured; and likewise if upon such delivery to the agent there remains anything further for the insured to do to make the insurance effective, such as the payment of a whole or a part of the premium, then likewise such a delivery to the agent is not a delivery to the insured.   But, on the contrary, the other line holds that if at the time of such delivery to the agent the insured is living and in good health, and there remains nothing for him to do to make

the insurance effective, then the delivery by the company to its agent for delivery to the insured will be deemed an unconditional delivery for that purpose. Mutual Life Insurance Co. v. Thompson, 94 Ky. 253; Com. Life Ins. Co. v. McGuire, 190 Ky. 134; Com. Life Ins. Co. v. Davis, 136 Ky. 339; Snedeker v. Metropolitan Life Ins. Co., 160 Ky. 119.

The evidence of six or seven of decedent's fellow employees of the fire department, who were present at the time he signed the appliction and heard the conversation between him and appellant's agent, testify that the agent then agreed with the insured that if he would then pay the policy fee of $1.75 instead of only the customary fee of 35 cents, the policy would be effective from the date of the application; and this evidence was denied only by the agent. Clearly, therefore, the court was authorized from this overwhelming preponderance in the evidence to reform the receipt to conform to these facts, and the same evidence likewise authorized the court to reform the policy itself, and date it the 9th of January.

Obviously the effective date of a policy of insurance is, like all of its provisions, a matter of agreement; but when there is no agreement and neither the application nor the receipt for premium fixes any definite date, but the receipt does recite that no liability is assumed by the company unless "said application is accepted and the policy delivered," it was clearly within the minds of the parties at the time, wholly apart from the evidence of the six or seven witnesses, that when the application was accepted and the policy delivered it should then be effective, and it was not in contemplation that it should be post-dated beyond that period.

If after the payment of the initial premium the policy had been issued and mailed directly to the insured, and not been dated at all, it would have been a delivery to him when placed in the mail, and would clearly have been effective from that moment; but to enable appellant's agent to make some memoranda about the policy before delivering it—not that there was anything left for the insured to do—the same was sent to the agent in the mail, and, as we have seen, for delivery to the insured, and the fact that it was sent to the agent for such delivery rather than directly to insured, can have no effect upon the effective date of the policy.

Manifestly, therefore, apart from the agreement as to the effective date, the policy would have become effective on the 11th or 12th of January when it was mailed if the company had not, in violation not only of its agent's agreement, but in violation of what was manifestly in contemplation of the parties from the language of the receipt, postdated the same to the 15th of January.

In the absence of an agreement an insurance policy becomes effective and binding upon the acceptance of the application; but in this case there was an additional provision that it should not become effective until delivery, which we have seen was made before the death of Pemberton.

If, therefore, we eliminate entirely the parol evidence as to the effective date of the policy, and leave the receipt just as it was written and delivered to decedent, the appellant by its terms assumed liability under the policy upon its acceptance by it and delivery to insured. That receipt is wholly inconsistent with any agreement that the insurance should take effect at any time in the future beyond the time of acceptance and delivery, and this furnishes an additional good reason why the court was justified in reforming the date of the policy.

The postdating of a policy of insurance by the company in violation of an agreement will not defeat a liability accruing in the meantime, when the terms of the agreement have been complied with by the insured.

Mathers v. Mutual Accident Association, 11 L. R. A. 83; Ellis v. Albany City Fire Ins. Co., 50 N. Y. 402; Post v. Aetna Fire Ins. Co., 43 Barb. 361; Sanburn v. Firemen's Ins. Co., 116 Gray 448; Jones v. Provincial Ins. Co., 16 U. C. Q. B. 477; Bliss on Life Ins. Co., section 160; Joyce on Ins., volume 1, section 179; Page on Contracts, volume 2, section 1208; Tribble, etc. v. Oldham, 5 J. J. Marshall, 137.

On this subject Joyce, volume 1, section 179, says:

"So the policy may relate back and take effect so as to cover a loss prior to its date where the contract has been completed; . . . and as a general rule the date is not conclusive evidence of the fact, and if the actual date of execution and delivery differs from and is subsequent to that specified, such fact may be shown, although it is questioned whether the error may be corrected in law courts where the execution and delivery precede the date written."

Assuming for the purposes of this case that the receipt given by the agent to Pemberton notified Pemberton of the agent's lack of authority to bind the company

. "unless said application is accepted and the policy delivered,"

it can have no effect upon the result of this action, for we have seen that the application was accepted and the policy was delivered during the lifetime of Pemberton, and the only thing that need to have been done by the chancellor in this case to uphold his judgment of reformation was to reform the policy in so far as its date was concerned, and to have made the date of it the 11th or 12th of January, according to the facts, for on one of those dates the application was approved and the policy was delivered; and we shall not, therefore, concern ourselves with the question of whether the company's agent could have, as claimed by appellee, waived that provision in the receipt. It is not necessary under this record that he should have had that power or should have exercised it, for the evidence shows a compliance with the provisions of the receipt without any reformation of it. Under the language of that receipt before reformation the policy should have been dated on the 11th or 12th of January, and if the judgment of reformation had only so changed its date the result would have been the same.

Judgment affirmed.