## United States Fidelity & Guaranty Company v. Board of Education of City of Maysville.

(Decided March 12, 1929.)

JOHN L. WOODBURY and H. L. MEANS for appellant.

GARDNER K. BYERS for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

The Farmers' & Traders' Bank of Maysville, Ky., was the designated depository for the funds of the board of education of that city. The United States Fidelity & Guaranty Company executed a surety bond to the board of education in the sum of $40,000, to the effect that during the term of the bond the bank should faithfully account for and pay on legal demand all moneys deposited with it by or on behalf of the board. The bond was dated February 5, 1924, but its term began on January 7, 1924, and expired on the same date in 1925. By appropriate certificates it was continued in effect from January 17, 1925, to the same date in 1926, and from January 17, 1926, to January 17, 1927. On February 21, 1927, a new bond in the sum of $15,000 was sent to the local agents of the surety company at Maysville to replace the $40,000 bond. The new bond was dated January 17, 1927, and continued in force for one year. The form of the bond contemplated the signature of the bank as principal, but contained no condition that its validity depended upon compliance with that formality. The obligation of the bond was expressed in the same language as the larger bond which it was designed to supplant. The local agents delivered the $15,000 bond to the bank on February 26, 1927, and the premium thereon was paid to them on March 18, 1927. The bank suspended payment on February 28, 1927, at which time it had on deposit to the credit of the board of education the sum of $11,696.20, which, upon demand in due form, it declined to pay. Thereupon the board of education instituted two actions against the United States Fidelity & Guaranty Company to recover the amount of the unpaid deposit. One of the cases was based upon the $40,000 bond and the other on the $15,000 bond. The surety company defended in the one case on the ground that the $40,000 bond expired before the bank suspended payment, and in the other on the ground that the $15,000 bond was not effective because it had not been signed by the principal or accepted by the obligee. The cases were consolidated and tried on

a single record, and the circuit court entered a judgment in favor of the board of education, without indicating the bond on which the liability was based. The surety company has appealed to this court, insisting upon the contentions it made in the lower court. If the liability of the appellant under the $15,000 bond may be sustained, it will be unnecessary to consider the questions raised respecting the larger bond.

It was the plain purpose of the surety company to be bound on the new bond. The letter transmitting it to the local agents read: "Agreeable with your request of the 18th we are pleased to enclose a $15,000.00 bond on behalf of the Farmers & Traders Bank of Maysville, Kentucky, to replace the $40,000.00 bond now in effect. This new bond has been dated back to January 17th, the anniversary date of the superseded bond. The premium on the new bond is $75.00 and your account is being charged with it under our serial number 19-11-6-27. We presume that it will be agreeable to return the $40,000.00 bond for cancellation now that it has served its purpose."

The local agent of the surety company testified that it was his understanding that the new bond protected the appellee from January 17, 1927, and that there was no interim intervening between the two bonds. The argument advanced to support the appellant's defense is that in order to give validity to the bond, it must have been executed by the bank as principal and accepted by the obligee. Authorities are cited to the effect that it is essential to the creation of a contract of insurance or indemnity that there be an offer and acceptance, as in the case of contracts in general. 32 C. J. p. 1102, secs. 187, 188.

The rule invoked was fully satisfied in this case when the surety company, in response to the application therefor, issued and delivered its bond to the bank with the intention that it should operate as a binding obligation according to its terms from January 17, 1927, to the same date in the following year. 28 C. J. p. 898, sec. 19; McGowan v. Wells' Trustee, 184 Ky. 772, 213 S. W. 573.

When the bond was delivered to the bank, under the circumstances shown, it was beyond the control of the surety company, and required nothing further to complete the contract. Galbraith et al. v. Shores-Mueller Co., 178 Ky. 688, 199 S. W. 779; Millett v. Parker, 2 Metc. 608; Ky. Cent. L. & A. Ins. Co. v. Pemberton, 212 Ky. 510,

279 S. W. 968. The liability of the bank did not depend upon its signature to the bond. It was already liable for the deposit, and its joining in the bond would add nothing to its duty to make payment on due demand of the depositor. Allen v. Jenkins, 157 Ky. 415, 163 S. W. 234; Harrison v. Bank of Ky., 3 J. J. Marsh. 375; Trustees, etc., v. Sheik, 119 Ill. 579, 8 N. E. 189, 59 Am. Rep. 830; City of Deering v. Moore, 86 Me. 181, 29 A. 988, 41 Am. St. Rep. 534.

The surety is bound by the bond when it is delivered with the intent that it should constitute a contract, and the absence of the principal's signature does not affect the obligation of either the principal or the surety. Star Grocery Co. v. Bradford, 70 W. Va. 496, 74 S. E. 509, 39 L. R. A. (N. S.) 184; Brown v. Melloon, 170 Iowa, 49, 152 N. W. 75, Ann. Cas. 1917C, 1070.

The surety is subrogated to the rights of the obligee against the bank, and that right is not affected by the omission of the bank to add its signature to the bond. Allen v. Jenkins, supra. The bank could not, on that ground, defend an action for indemnity, 28 C. J. p. 1037, secs. 214, 215; Woodman v. Calkins, 13 Mont. 363, 34 P. 187, 40 Am. St. Rep. 449.

The acceptance by the appellee of the appellant as surety for the depository was clearly shown. For several years the relationship between the parties had been satisfactory. The chairman of the finance committee of the board of education applied to the appellant's agents for assurance of continued protection to the board and was advised that the protection had been provided. The board of education paid the premium upon the bond, and made it clear by filing the two actions that it claimed protection under the old bond until it was superseded by a valid new one. No formal action by the board was required, and its purpose to require and rely upon the bond is too plain for cavil. 28 C. J. p. 899, sec. 19; Robinson v. Fidelity Trust Co. (C. C. A.) 188 F. 37.

Since it is clear that the judgment may be sustained on the $15,000 bond, we are relieved of the necessity of discussing the interesting questions presented respecting the asserted liability on the $40,000 bond of appellant.

The judgment is affirmed.