## Our Home Life Insurance Company v. Butch.

(Decided March 15, 1932.)

HUBBARD & HUBBARD for appellant.

THAD CHEATHAM and B. A. GUTHRIE for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

This was an action upon an alleged contract of insurance. The plaintiff, Wm. Butch, claimed as the beneficiary of a contract negotiated by his wife, Katherine Butch, upon her own life. The defense was a denial that any contract was ever concluded. The jury found

for the plaintiff, and the defendant has prosecuted an appeal.

Several reasons for reversal are urged and they will be discussed and disposed of in the course of the opinion. The facts which the evidence tended to show should be stated in advance of the discussion. The soliciting agent of the insurance company took an application from Mrs. Butch for $500 insurance. He stated that the application was signed on January 25, 1929, at which time $1 on the monthly premium was collected and a written receipt therefor delivered to the applicant. The insurance was to be in effect from the date of approval of the application. He further testified that the application was delivered at the office of the company, and the $1 accounted for to the company. The monthly premium would amount to $1.45, but the agent's commission was 70 per cent of the initial premium, and the agent extended credit to the assured for the balance to be collected when the policy was delivered. There was further testimony to the effect that the policy had been issued and was in the hands of the general manager at Louisville when the insured was accidently killed by an automobile. The agent testified that he saw such a policy. If the testimony of the agent was true, the jury was warranted in finding a verdict for the plaintiff. The general manager testified that if the application had been made out on the basis of a monthly premium, and the agent had collected $1.45 thereon, and accounted therefor to the company, the liability would not be questioned. The treasurer testified that she told the soliciting agent that if as much as a dollar had been collected with the application the loss would have been paid notwithstanding the policy had not been issued. The original application is not in the record, but was retained in the files of the company at Washington, D. C. A photostatic copy of the application in the handwriting of the agent who solicited the insurance was dated January 31, 1929, and in answer to one of the questions therein it was stated that the premium was to be paid semiannually. The copy of the application contained this provision: "I agree on behalf of myself and any person or persons, firm or corporation, who may have or claim any interest in any insurance issued on this application as follows: (1) If the first premium is paid in cash at the time this application is made and this application is thereafter approved by the

company for the amount, on the plan, and in accordance with the terms of this application, the insurance will be in force from the date of such approval; and the first policy year shall, unless otherwise requested, begin with the date of such approval.'' On the copy of the application a blank space appeared for ''home office use only,'' where the number of the policy and the date of approval could be indicated. In the photostatic copy filed nothing appears in that space. It is sufficient to state that according to the evidence for the plaintiff the insurance was in force; whilst the evidence for the defendant sharply contradicted that for the plaintiff, and tended to prove that no insurance ever became effective. The court submitted the issue to the jury in an instruction that is not criticized.

The appellant insists that the negotiations with the agent were merged in the written application, and that all the evidence preceding and inconsistent with the application was incompetent. It is a general rule that negotiations preceding a written contract are merged in the writing and are not to be proven otherwise than by the written instrument. Globe Fire Ins. Co. v. McIntosh 227 Ky. 639, 13 S. W. (2d) 775; Prudential Life Insurance Co. v. Bowling, 237 Ky. 290, 35 S. W. (2d) 322. But in cases of that character the contract had been consummated in writing and the action was based thereon. In a suit upon a written obligation, parol evidence may not be heard to vary or contradict its terms. Here the issues were (1) whether the insurance was to be in force from the date of approval of the application, and (2) whether the application was approved before the death of the insured. In order to determine the issues of fact, in the absence of the policy, it was necessary to consider all the evidence relating to the transaction, both written and oral. The application was not the contract, and in order for the applicant to be concluded by it, it had to be accepted by the company, and attached to, recited in, or indorsed upon the policy when delivered to the applicant. N. Y. Life Ins. Co. v. Levy, 122 Ky. 457, 92 S. W. 325, 29 Ky. Law Rep. 6, 5 L. R. A. (N. S.) 739; N. W. Mutual Life Ins. Co. v. Neafus, 145 Ky. 563, 140 S. W. 1026, 36 L. R. A. (N. S.) 1211; Com. Life Ins. Co. v. Davis, 136 Ky. 339, 124 S. W. 345; Western & Southern Life Ins. Co. v. Davis, 141 Ky. 358, 132 S. W. 410. The issues presented in this case made oral evidence admis-

sible, and the documents were merely evidential. They did not constitute a written contract that precluded all other evidence. Mutual Life Ins. Co. v. Thompson, 94 Ky. 253, 22 S. W. 87, 14 Ky. Law Rep. 800; Ky. Central Life & Accident Ins. Co. v. Pemberton, 212 Ky. 510, 279 S. W. 968. The ultimate fact to be determined was whether there was a contract, and all the evidence bearing on that question was competent. The policy was not delivered, but retained by the company, according to the position of the plaintiff, and all he could do was to produce such evidence as was available to him.

It is next insisted that a soliciting agent has no power to alter or change the terms of a written application. The testimony for the plaintiff showed that the agent did have power, and was especially authorized to take insurance upon the monthly premium plan as was done. The general manager testified that no question would have been made if the contentions of the plaintiff had been true. If the testimony of the soliciting agent was true, the company was bound by its approval of his acts, and no question of his authority could arise. If the policy was in fact in the office of the general manager at Louisville at the time the agent testified he saw it, the application had been approved and the insurance was in force by the express terms of the contract, as well as by the provisions of the application produced. The case turned on a finding of fact from conflicting evidence, and the extent of the agent's authority was not involved. The thing that was involved was the truth of the testimony. The evidence for the defendant conduced strongly to show that the application was not approved, and that no contract of insurance was ever made. But the testimony for the plaintiff tended to show that the policy had been written, and was in the custody of the agent at Louisville on the date of the accident which resulted in the death of the insured. An issue of fact was thus clearly defined, and its determination was for the jury.

The judgment is affirmed.