Continental Casualty Co. v. Jasper.

Case 9.—ACTION BY CYNTHIA JASPER AGAINST THE CONTINENTIAL CASUALTY CO. ON AN ACCIDENT IN-SURANCE POLICY.—September 26.

## Continental Casualty Co. v. Jasper.

Appeal from Greenup Circuit Court.

JAMES B. HARBESON, Circuit Judge.

Judgment for plaintiff. Defendant appeals. Re-versed.

1. Insurance—Lapse of Policy—Payment of Premiums—Where a policy of insurance provided that the company should not be liable for any loss while the insured shall be in default of the payment of any premium, there can be no recovery in a state of case where, after the death of the insured in de-fault of his premium, his widow paid to the paymaster of the railroad company the premium for whom deceased was em-ployed because, in the absence of any agreement, the pay-master was neither the agent for appellant nor appellee who paid the money. The contract was lapsed by express terms.

2. Contracts—Absence of Consideration in Written Contracts—Under sec. 470, Ky. Stats., the consideration of a written con-tract need not be expressed in the writing. It may be proved by parol evidence.

ALLAN D. COLE for appellant.

W. T. COLE of counsel.

To constitute a waiver the circumstances of the case, or the acts and declarations of the parties, must have indicated such an intent; and whether in the case at bar such an intent existed was a question of fact to be decided by the jury and not by the court. The only question of law involved in the question of waiver must relate to the legal definition of the word. For ex-ample, the jury in the case at bar might properly have been in-structed as a matter of law that a waiver must be voluntary, and that it implies the knowledge of the right, claim, or thing waived; but whether the waiver was voluntary and whether the

appellant had knowledge of the right or thing waived were certainly questions of fact to be submitted to the jury.

Now, I submit that there was no waiver because the company refused to accept the money; that the receipt of the paymaster was unauthorized by the company. His receipt of the money not being the act of the company, there was no waiver by it, much less any voluntary waiver, especially as the company had no knowledge of the acts of the paymaster until the money was sent to the home office, whereupon it promptly repudiated them.

### AUTHORITIES CITED.

California Southern Hotel Co. v. Claendar, 94 Cal., 120, Am. St. Rep., 99; Dubignon v. Loud, 7 Rich. L. (S. Car.), 193; Fitch v. Woodruff, &c., Iron Works, 29 Conn., 82; Fox v. Harding, 7 Cush. (Mass), 520; Okey v. State Ins. Co., 29 Mo. App., 111; Traynor v. Johnson, 1 Head (Tenn.), 41; Hill v. Hobart, 16 Me., 164; Hale Mfg. Co. v. American Saw Co., 43 Mich., 250; Chapman v. Colby, 47 Mich., 46; Franklin F. Ins. Co. v. Updegraff, 43 Pa. St., 350; Coursin v. Pennsylvania Ins. Co., 46 Pa. St., 330; Phoenix Ins. Co. v. Munday, 5 Coldw. (Tenn.), 551; Farlow v. Ellis, 15 Gray (Mass.), 232; Smith v. Dennie, 6 Pick. (Mass.), 266, 17 Am. Dec., 368; Fishback v. Van Dusen, 33 Minn., 118; Osborn v. Gantz, 60 N. Y., 540.

WORTHINGTON & PAYNTER for appellee.

### POINTS AND CITATIONS OF AUTHORITIES.

1. Contract as to whether obligation given by insured for payment of premium shall be enforcible must be reciprocal. (Bane v. Travelers Ins. Co., 85 Ky., 679.)

2. Testimony of witness Rurich as to notice to insured not competent. (Civil Code, sec. 606.)

3. The giving by the insured of an obligation in payment of premium, accepted by the insurance company in lieu of payment, which can be enforced, and secures insurance company in its premium, is a payment of the premium. (Bank of Kentucky v. Sanders, 3 A. K. Mar., 185; Curle v. Beer, 3 J. J. Mar., 170; Bane v. Travelers Ins. Co., 85 Ky., 679; Montgomery v. Phoenix Ins. Co., 14 Bush, 51; Johnson v. Southern Mut. Ins. Co., 79 Ky., 407; Moreland v. Union Cent. Life Ins. Co., 104 Ky., 129.)

4. The law of Kentucky does not favor forfeitures in life insurance policies. (Mutual Benefit Life Ins. Co. v. First. Nat. Bank, 24 Ky. Law Rep., 583.)

5. Application and statements in paymaster's order, other than as to statements with reference to payments, not a part of the con-

Continental Casualty Co. v. Jasper.

tract of insurance. (Ky. Stats., secs. 656 and 679; Provident Savings Life Assurance Society of New York v. Beyer, 23 Ky. Law Rep., 2460.)

6. As to effect of nonpayment of installment of premium without fault on the part of the insured. (Lyon v. Travelers Ins. Co., 55 Mich., 141; s. c., 20 N. W. Rep., 829.)

OPINION BY JUDGE O'REAR—Reversing.

This was an action upon a policy of accident insurance. The policy provided that, if the premium or any installment was not paid when due, the policy was to lapse. It was a form of industrial insurance used among patrons of the insurer, who were railroad employes. The policy contains these clauses relative to the premiums: "The consideration for this policy is the warranties contained in the application therefor (which is made part hereof) and the payment of the premium therefor when due, payment of which when due is a condition precedent to a recovery hereunder. * * * This company shall not be liable for any loss occurring hereunder while the insured shall be in default in the payment of any premium." What the sum was to be that should constitute the premium is not stated in the policy. It is stated in the application, and the notes given therefor are shown in the record. But it is argued that under secs. 656, 679, Ky. Stats. 1903, as applied and construed in Provident Saving Life Assurance Society of New York v. Beyer, 67 S. W., 827, 23 Ky. Law Rep., 2460, and other cases, the application and notes can not be treated as part of the contract; nor can their statement be considered, unless they are attached to, or copies thereof are attached to, the policy. No case adjudicated so far has held that the consideration for an insurance policy may not be proved or disproved, however it may be stated in the policy. Under sec. 470, Ky. Stats. 1903,

the consideration of a written contract need not be expressed in the writing. "It may be proved when necessary, or disproved by parol or other evidence." If a policy of insurance in writing fail to state the consideration therefor, the contract would not be deemed nudum pactum on that account. The law of this State presumes there is a consideration for all written engagements to pay money. And by section 472, Ky. Stats. 1903, it is provided: "The consideration of any writing, with or without seal, may be impeached or denied by pleading verified by oath."

Secs. 470, 472, 656, 679, Ky. Stats. 1903, all being in force, must be read together in construing written contracts of insurance. Evidence is therefore receivable to show what the true consideration of a policy of insurance was, and likewise to show that it was not paid. Where, however, any part of the consideration is a statement of the insured made in a written application, under the statute (sec. 656) it must be stated in the policy, or a copy thereof endorsed on the policy. To this extent, sec. 656, Ky. Stats. 1903, imposes an additional condition to the validity of such contracts, under a consideration of a public policy to guard against deception and over-reaching of insurers.

In the case at bar, the money consideration for the policy of insurance sued on was an annual premium of $10, to be paid in four equal installments, the first of $2.50, to be paid out of the insured's January wages to become due from the railroad company for which he was working, and like sums to be paid out of the January, March and April wages of the same year. Orders were given appellant by the insured upon the paymaster of the railroad company accordingly. Owing to the fact that insured gave his name to appellant as Benjamin F. Jasper, and

was known on the payrolls of the railroad company as Frank Jasper, the installment due out of the January wages was not retained by the paymaster for remittance to appellant. It was all paid to the insured instead, who was notified promptly that his policy had lapsed in consequence. Before any further payment became due, insured was accidentally killed by a railroad train. A few days afterwards his widow, appellee, who was the beneficiary named in the policy, paid to the paymaster of the railroad company for transmission to the appellant, the $2.50 due in January past, and was delivered by the paymaster a receipt therefor, which had been issued and sent to him before the January installment became due, so that it could be delivered to insured when that amount was deducted from his wages. The paymaster was without authority to receive this payment on behalf of appellant, after the death of the insured; nor was he the agent of appellant in that transaction. On the contrary, in the absence of such an agreement, he was the agent of both parties in such matter. He was the agent of the insured to pay over from his wages the agreed amount as it became due on his premium. He was the agent of the insurer in remitting it to the home office of appellant. It was clearly shown that insured paid nothing whatever for his contract. It was lapsed by its express terms when the accident occurred. A peremptory instruction should have been given to the jury upon this showing.

Judgment reversed, and cause remanded, for proceedings not inconsistent herewith.