## Edge v. Ott, et al.

(Decided January 23, 1913.)

### Appeal from Fayette Circuit Court.

1. Instructions—Practice.—It is elementary that instructions must be based on the pleadings or directly refer to issues made by the pleadings and also that the pleading entitling the party to the instructions must be supported by evidence sufficient to authorize the submission of the issue made. Neither party is entitled to have the jury instructed upon a subject not put in issue by the pleadings. When the court comes to instruct the jury in a civil case he should confine his instructions to issues made by the parties in their pleadings that are supported by evidence, and unless an issue is made by the pleadings, supported by evidence, he should not instruct the jury concerning it, however material or important the matter may be.

2. Instructions—Based on Writings Offered in Evidence.—A party who introduces a writing executed by his adversary in support of an issue that he has made in a pleading, is entitled to have an instruction based on the writing, although he may not have filed the writing with his pleading, as provided in section 120 of the civil

code, or have filed it in court, as provided in section 128 of the civil code. But he is not entitled to an instruction based on a writing introduced in evidence, whatever the character of the writing may be, unless he has, in a pleading filed by him, made an issue that the writing directly supports.

J. A. EDGE and GEO. C. WEBB, for appellant.

E. L. HUTCHINSON and MAT S. WALTON, for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This is an appeal by J. A. Edge from a judgment entered on the verdict of a jury dismissing his petition seeking to recover judgment against the appellee, Charles C. Ott, on a note executed by him and his sister, Margaret Ott, for $1,201.99, dated November 1, 1905, due three years after date, subject to certain credits. He also brought suit against the Otts on an account for $110, and was defeated; but as no complaint is made of the rulings of the trial court in respect to the action on this account, it will not be further noticed.

For answer to the suit on this note, Charles C. Ott pleaded that Edge was employed by him and his sister, Margaret, as attorney to contest a will, and that in consideration of his services the note sued on was executed, together with a mortgage, to secure its payment, on certain lands owned by him and his sister, Margaret Ott, in the state of Ohio. He averred that Edge requested him to convey to his sister his right, title and interest in the land owned by them in Ohio and on which the mortgage was executed, but that he declined to do so unless Edge would release and discharge him from liability on the note and look to Margaret Ott and the land covered by the mortgage for its payment; and this Edge agreed to do, and thereupon, in consideration of this agreement, he did execute a deed conveying to Margaret Ott all of his right, title and interest in the land, and by reason of the execution of the deed was released from liability on the note.

For reply Edge denied that he at any time, or in any manner, requested Ott to convey to his sister his interest in the land, or that he at any time agreed to release him from liability on the note if he would do so, or that in consideration of any such agreement, Ott conveyed his interest in the land to his sister.

It will thus be observed, as the execution of the note was not denied, that only one issue was made by the

pleadings. This issue was, whether or not Ott, in consideration of the agreement of Edge to release him from liability on the note, conveyed his interest in the Ohio land to his sister, Margaret.

Upon this issue the evidence was conflicting. Edge denied that any agreement of the character mentioned was made; while Ott testified that the agreement pleaded by him was made, and in this he is substantially supported by the evidence of Col. John R. Allen.

During the trial of the case it was developed in the evidence that the agreement before mentioned was made on November 30, 1908, on which day Ott executed to his sister, Margaret, a deed conveying to her his interest in the Ohio property. It was further developed on the trial that on December 21, 1908, Edge released his mortgage on the Ohio property, but before doing so required Ott to deliver to him the following writing:

"I hereby authorize you to release the mortgage held by you and the Phoenix National Bank on the lots in Columbus, Ohio, owned jointly by my sister, Miss Margaret Ott, and myself, which mortgage was given to secure a note executed by Margaret Ott and myself for $1201.99, in November, 1905. I agree that the release of said mortgage shall not release me from the payment of the note secured by same, the purpose of the release of the mortgage being to assist the said Margaret Ott to procure a loan on the said property with which to build certain houses. $1,100 of said money so borrowed is to be paid to you in full settlement of the aforesaid note and the accrued interest thereon, and when the $1,100 has been received by you, my sister, Margaret, and I are to be fully released from all liability on said note. You have agreed to accept said $1,100 in full settlement of the said note, if the same be paid at this time and without suit."

This writing first made its appearance in the trial during the examination of Ott as a witness. He testified that he did not know anything about this paper and had no recollection of having signed it, but declined to state that the signature to the paper had not been written by him. Without relating further the evidence of Ott seeking to discredit the genuineness of this paper, we will assume that it was executed and delivered by Ott to Edge as the decided weight of the evidence so shows.

On this appeal the principal ground urged for re-

versal is that the court erred in refusing to give to the jury the following instruction asked by counsel for Edge:

"If the jury believe from the evidence that the defendant, Ott, signed the paper offered in evidence, dated December 21, 1908, and directed to the plaintiff, Edge, by which he authorized the plaintiff, Edge, to release his mortgage to secure the plaintiff's note of $1201.99 on the real estate located in Columbus, Ohio, and by which the defendant agreed not to be released from the payment of said note; and further believe that in pursuance of the agreement of said Ott, in said writing that the plaintiff, Edge, did release his mortgage upon said real estate, or a material part thereof, then the jury should find for the plaintiff."

It is argued by counsel for Edge that, as the writing executed by Ott acknowledged in substance and effect his indebtedness to Edge in the sum of $1,100, which was more than the amount due on the note at that time, this writing should be treated as representing the only agreement, between Ott and Edge in respect to the liability of Ott on this note, that was made subsequent to the execution of the note. It is insisted that any prior, verbal agreement between Edge and Ott that operated to release Ott from liability on the note, if such an agreement was made, was superseded by and merged in the writing, and by this writing alone the rights of the parties, so far as the release of Ott from liability on the note is concerned, should be determined.

If this argument is sound the instruction given by the court was radically wrong because in the instruction given the court told the jury in substance, that if they believed from the evidence that Edge agreed with Ott to release him from liability on the note if he would convey his interest in the Ohio property to Margaret Ott, and that in consideration of this agreement Ott did convey to his sister his interest in the property, Ott was released from liability on the note, and the jury should so find, unless subsequently Ott, although he knew he was released by the agreement with Edge from liability on the note, promised in writing to again become liable on it in the event Edge released his mortgage, and if they so believed, they should find for Edge.

Under this instruction if the jury believed that the verbal agreement relied on by Ott to release him from liability on the note, was made with Edge, they were

obliged to find in favor of Ott unless they further believed that by the subsequent written agreement Ott renewed his liability on the note, and equal prominence was given in the instruction to both the verbal and the written agreements. It is further evident from the finding of the jury that they believed the verbal agreement was made but that the written agreement was not made.

In our opinion the instruction was too favorable to Edge. He was not entitled to an instruction submitting to the jury as a distinct issue the liability of Ott under the written agreement alleged to have been made with him. It is elementary that instructions must be based on the pleadings or directly refer to issues made by the pleadings, and also that the pleading entitling the party to the instruction must be supported by evidence sufficient to authorize the submission of the issue made. Neither party is entitled to have the jury instructed upon a subject not put in issue by the pleadings.

When the court comes to instruct the jury in a civil case he should confine his instructions to issues made by the parties in their pleadings that are supported by evidence, and unless an issue is made by the pleadings supported by evidence, he should not instruct the jury concerning it, however material or important the matter may be. This familiar rule finds its support in the well settled practice that parties to litigation are required to state in their pleadings their cause of action and defense, so that each party may be fully advised of the nature of the claim or defense, as the case may be, that is asserted against him by his adversary.

The parties are also required, for the same reason, to confine evidence introduced in their behalf to the elucidation and support of the issues they have made by their pleadings. If a party to litigation was entitled to and had a right to demand an instruction upon an issue that he had not called the attention of his adversary to in his pleading, it is manifest that the adverse party would be often subjected to great disadvantage in the trial of the case and the trial court would find it difficult to control the introduction of evidence.

Therefore if Edge desired to rely upon the subsequent written agreement of Ott to remain bound on the note, he should have set up this agreement in a pleading, or have set out in a pleading that such an agreement was made, so that Ott could join issue with him

upon this matter. We do not of course mean to say that it is necessary that a party should set out in his pleading, or file in court, as provided in sections 120 and 128 of the civil code, every writing upon which he intends to rely in the introduction of his evidence, or every writing upon which he is entitled to have an instruction based, as a party may, in support of an issue that he has made in a pleading, introduce writings that may entitle him to an instruction.

For example a party might plead that his adversary was estopped from making a certain defense, and in support of this plea introduce in evidence a writing showing the estoppel, and be entitled to an instruction based on the writing; or a defendant in a suit to recover land might plead that he was the owner and entitled to the possession of the land, and introduce in evidence title papers showing this fact, and be entitled to an instruction based on them, although they were not made a part of his answer, or filed with it, or filed in court; or a party when sued on a note, might plead payment and show in his evidence a receipt evidencing the payment, and be entitled to an instruction based on the writing, although it was not made a part of his pleading or filed of record in the case. Doyle v. Offutt and Blackburn, 135 Ky., 296.

The point we wish to emphasize is this: that a party is not entitled to an instruction based on a writing introduced in evidence, whatever the character of the writing may be, unless he has, in a pleading, filed by him, made an issue that the writing directly supports. In this case it is doubtful if the writing executed by Ott was even competent as evidence tending to show that the verbal agreement made between himself and Edge had not been entered into. The writing did not in any manner tend to discredit the fact that a verbal agreement was made, or tend to controvert the evidence showing the existence of the verbal agreement. The verbal agreement was a matter entirely separate and distinct from the agreement evidenced by the writing. In other words, there were two independent, distinct agreements made: one by which Ott was released in consideration of his conveyance to his sister, and the other by which he agreed to remain liable on the note if Edge released his mortgage.

These agreements were made at different times and neither was connected with the other or had any reference to the other. Each was in itself a complete and executed contract. The writing contains no reference whatever to the previous verbal agreement, nor does it even indirectly show that the verbal agreement was in the minds of the parties when this writing was executed. Indeed it could not have been in the mind of Edge because he says no verbal agreement was made. If the written agreement was reasonably or naturally connected with the previous verbal agreement, there would be much force in the argument that the verbal agreement was merged in and superseded by the written agreement, and so the written agreement should be treated as containing the whole of the contract between the parties. Vansant v. Runyon, 19 Ky. L. R., 1981; Castleman v. Southern Mutual Life Insurance Co., 14 Bush, 197; J. I. Case Threshing Machine Co., v. Mattingly, 142 Ky., 581. But there is no evidence to support this theory.

The written agreement was manifestly demanded by Edge to prevent the release of his mortgage upon the interest of Margaret Ott from releasing Charles C. Ott on the note. In fact the writing so states. But aside from this there could be no other reason on the part of Edge for its execution, as according to his pleadings and evidence Ott at that time was liable on the note, and no arrangement or agreement of any kind or character had been made that would release him. It is therefore plain that under the pleadings and evidence of Edge the writing could not have had any connection with the only issue made in the case. To entitle Edge to an instruction based on the writing he should have pleaded the circumstances of its execution and have made an issue thereon.

The argument is further made that the verdict is flagrantly against the evidence; but this argument, being based on the assumption that the writing contained the only agreement between the parties, must fail for the reasons stated.

The judgment is affirmed.