## J. S. Minor v. Gordon.

## Same v. Mose Minor.

## Same v. Reynolds.

(Decided October 27, 1916.)

### Appeals from Jefferson Circuit Court (Common Pleas No. 1).

1.  Trial—Instructions—Cause of Action Not Pleaded.—An instruction on a cause of action not pleaded is properly refused.

2. Trial—Instructions—Pleading—Evidence.—The jury should be instructed on a cause of action properly pleaded and supported by some evidence. (For original opinion see 170 Ky. 609).

CLEM W. HUGGINS and J. P. HOBSON & SON for appellant.

JOSEPH S. LAWTON and W. S. SANFORD for appellees.

RESPONSE BY WILLIAM ROGERS CLAY, COMMISSIONER—Extending and modifying opinion and overruling petition for rehearing.

In plaintiff's petition for rehearing and extension of opinion our attention has been called to the fact that the question of insurance was not considered in our former opinion. It appears that plaintiffs, by amended petition, alleged that the defendant had insured the distillery plant and had collected the insurance. There was slight evidence tending to sustain this charge. On the trial plaintiffs asked two instructions, one authorizing a recovery of their pro rata part of the insurance if the plant was insured by defendant, and the other authorizing a recovery if defendant failed to take out insurance. The last instruction was asked on the theory that defendant, in investing the money in the distillery plant prior to the organization of the proposed corporation, was, in effect, a trustee for the stockholders and was, therefore, liable to them if he failed to take out insurance. In response to the contention that such an instruction should have been given, it is sufficient to say that no such cause of action was pleaded. However, as the claim that defendant had taken out insurance on the property was pleaded and there was some evidence tending to support this claim, the trial court should have given an instruction on this question.

Wherefore, the opinion is extended and modified, as herein indicated; otherwise the petition for rehearing is overruled.