## Regal Block Coal Company v. Bentley, et al.

(Decided July 1, 1924.)

### Appeal from Floyd Circuit Court.

1.  Trial—Refusal of Peremptory Instruction Proper where Evidence to Support Claim of Opponent.—Where there was evidence to support claim made by plaintiff, court did not err in refusing to give peremptory instruction for defendant.

2.  Trial—Court Erred in Submitting Admitted Matter to Jury.—In action to recover for extra work, where parties admitted making a written contract, court erred in its instructions in asking jury to find whether or not they made such a contract and to determine whether or not work sued for was included in contract, and should have told jury that parties had made a contract and what contract required and submitted simply whether defendant authorized or required plaintiff to do extra work and its value.

J. C. HOPKINS and HARMAN, FRANCIS & HOBSON for appellant.

No brief for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Reversing.

The appellant appeals from a judgment of $2,233.45 recovered against it. In April, 1918, the appellees made with appellant a written contract to build for it a sidetrack leading from the C. & O. Railway up a branch and past the mine of the appellant, and when the work was

completed the parties were unable to settle. The appellant has paid the balance due on the contract, but appellees insist that after completing the work on the contract, they were required and requested by appellant to do certain other work that was necessary in order to bring the grade of this sidetrack up to the requirements of the C. & O. Railway Co., also that they were requested and required to unload a certain carload of steel, and in this suit they are seeking to recover $13.45 for unloading this steel and $2,220.00 which they allege is due them for the extra work required of them. Appellant admits owing the $13.45.

The evidence is by no means satisfactory to the court and the judgment appears to us to far exceed the value of any extra work that may have been done, but we are unable to say that the motion of appellant for peremptory instruction to find for it, made at the conclusion of the appellees' evidence and renewed at the conclusion of all the evidence, should have been given. The weight of the evidence seems to favor the appellant, but still, there was evidence to support the claim made by appellees, hence the court did not err in refusing to give a peremptory instruction to find for appellant. The court did err, however, in the instructions that it did give. The parties admitted making the written contract, but the court asked the jury in its instructions to find whether or not they made such a contract and to determine whether or not the work sued for was included in the contract. The court should have told the jury that the parties had made a contract and what the contract required the appellees to do, and submitted simply whether the appellant authorized or required the appellees to do any work in addition to the work included in the contract, defining, of course, what was included, and submitting to the jury the value of such extra work, if any.

The judgment is therefore reversed, and the cause remanded for new trial consistent with this opinion.