# Prudential Life Insurance Company of America v. Bowling.

(Decided February 6, 1931.)

STRATTON & STEPHENSON for appellant.

A. F. CHILDERS for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellant seeks to reverse a judgment for $3,000 recovered against it on a life insurance policy. On February 18, 1927, it issued to John H. Bowling a policy on his life for $5,000. The appellee, Bertha Bowling, who

was the wife of John H. Bowling, was named as beneficiary in the policy. Bowling died on November 15, 1927.

The premium was payable semiannually, and for the first semiannual premium of $85.30 the insured executed to the agent of appellant his note due four months after date. The second semiannual premium of $85.30 was due and payable on August 18, 1927. John H. Bowling failed to pay this semiannual premium when it was due or within 31 days thereafter, the period of grace allowed in the policy. The policy contained this provision: "If any premium be not paid when due, as specified on the first page hereof, this policy shall be void and all premiums forfeited to the company, except as herein provided. The payment of any premium shall not maintain the policy in force beyond the date when the next payment becomes due, except as to the benefits provided for herein after default in premium payment"—and this further provision: "In the payment of any premium under this policy except the first, a grace of 31 days without interest will be allowed during which time the policy will remain in force, but if the policy shall become a claim by death within the grace period the unpaid premiums for the then current policy year shall be deducted from the amount of insurance payable." The second semiannual premium due on August 18, 1927, had not been paid when Bowling died on November 15, 1927.

On June 6, 1928, appellee, who was the beneficiary in the policy, brought this suit to recover $3,000, waiving $2,000 of the face of the policy for the purpose, as stated in the petition, of avoiding "the trouble and expense of litigation in federal courts." She sought to avoid the forfeiture of the policy for the non-payment of premiums by alleging and proving a verbal agreement alleged to have been entered into between John H. Bowling and W. W. Bentley, agent of appellant, to extend the time for the payment of the second semiannual premium until the end of the year, or that Bentley would pay such premium for the insured. Appellee testified that Bentley, accompanied by Enoch Smallwood, came to her husband's home on the evening of February 9, 1927, and sought to induce him to take a policy of insurance on his life. She was standing in the hall and heard the conversation between her husband and Bentley, who were in an adjoining room. Her husband was unwilling to take the policy because he was unable to pay the premium. Bentley

agreed to accept a note for the first semiannual premium, and her husband then said he was afraid he would not be able to pay the second semiannual premium, which would be due on August 18. Bentley then said he would carry it six months or a year or until her husband was able to take care of it. This alleged conversation occurred before the application for the policy was made. Both Bentley and Smallwood denied that such a conversation occurred or that Bentley agreed to extend the time of payment of the second semiannual premium beyond August 18, 1927. The alleged parol contract was not incorporated in the application thereafter made, and it is appellant's contention that all testimony relative to the parol contract was inadmissible, since, if such a contract had been made, it was merged in the subsequent written contract. If appellant's contention is correct, its motion for a peremptory instruction should have been sustained.

Prior oral agreements forming a part of the negotiations for a contract become merged in the subsequent written contract, and, in an action for a recovery under the contract, are incompetent as evidence for the purpose of varying its terms. A similar question was before us for determination in the case of Globe & Rutgers Fire Insurance Co. v. McIntosh, 227 Ky. 639, 13 S. W. (2d) 775, 776. The court said:

"The court erred in overruling defendant's motion to exclude the evidence of the plaintiff relative to the promise of the agent made previous to or at the time the insurance was written to transfer this policy to the new location, as all conversations and agreements between McIntosh and Hammonds previous to the issue of this policy must be treated as merged in it. See 13 C. J. 597; 6 R. C. L. 914, sec. 298. It cannot be urged that this agreement, made before the policy was issued, to transfer the coverage to the new location, was a distinct collateral agreement, and we feel that the following, taken from the case of Edge v. Ott et al., 151 Ky. 672, 152 S. W. 764, fully answers any contention that might be made relative thereto:

" 'If the written agreement was reasonably or naturally connected with the previous verbal agreement, there would be much force in the argument that the verbal agreement was merged in and superseded by the written agreement, and so the written agreement should

be treated as containing the whole of the contract between the parties.'

"The evidence of the plaintiff relative to the conversations between him and Hammonds previous to the making of this policy should not have been admitted, because the rule is well settled that a written contract cannot, in an action thereon without effort to reform it, be varied by parol evidence of agreements or understandings had before the writing was made."

Here the policy was issued and delivered to the insured, who accepted it, and it constituted the sole contract between the parties, and all antecedent negotiations and agreements were merged into it. A contract may be reformed in equity where a preliminary parol agreement is omitted from the written contract through the fraud of one, or the mistake of both, of the parties to it, but this is not a suit for reformation. It is a suit on the policy, and evidence of an antecedent oral agreement which would alter the terms of the written instrument was inadmissible. The prior oral agreement had nothing to do with the true consideration for the contract, and the case of Continental Casualty Company v. Jasper, 121 Ky. 77, 88 S. W. 1078, 28 Ky. Law Rep. 53, relied on by appellee, is not in point. See Continental Casualty Company v. Harrod, 100 S. W. 262, 30 Ky. Law Rep. 1117.

Appellee argues that, the first semiannual premium having been paid and the insured having died within the current insurance year leaving the second semiannual premium unpaid, the policy was not forfeited by the failure to pay the semiannual premium for the year in which the insured died, by reason of this provision contained in the policy: "This policy is based upon the payment of premiums annually in advance, but if premiums be paid quarterly or semiannually any unpaid premiums required to complete payment for the current insurance year in which death occurs, shall be considered an indebtedness to the company on account of this policy." However, the contract of insurance also clearly provided that the payment of any premium should not maintain the policy in force beyond the date when the next payment became due, and that, if any premium be unpaid when due, the policy should be void and all premiums forfeited to the company. The quoted clause relied on by appellee applied only where the insured died during the six-month period

for which the semi-annual premium had been paid. In that event the second semiannual premium due for the current insurance year was to be considered an indebtedness to the company on account of the policy. It was clearly provided that nonpayment of premiums, whether quarterly, semiannual, or annual, worked a forfeiture of the policy.

We conclude that all the testimony offered by appellee with reference to the alleged parol contract should have been excluded. With this evidence excluded, there was no evidence authorizing a submission of the case to the jury, and appellant's motion for a directed verdict should have been sustained.

Judgment is reversed for proceedings consistent herewith.