## Suter's Administrator v. Kentucky Power & Light Company.

(Decided Nov. 13, 1934.)

357

J. W. CAMMACK, A. B. CAMMACK and T. A. PERRY for appellant.

GORDON, LAURENT & OGDEN, T. M. GALPHIN, Jr., and H. W. ALEXANDER for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

Naomi Katheryne Suter, about 13 years of age, on July 9, 1933, was killed by the overturning of an automobile in which she was traveling. She and Ruth McKay, in an automobile operated by E. G. McKay, the father of Ruth, attended Sunday school at a church near the residence of Mark Gentry in Owen county, Ky. While they were at Sunday school, E. G. McKay left the church in his automobile with Laurel Yancy and Elmer Moreland, went to Earnest Bourne's to look at a crop

of tobacco, where they remained about ten minutes and returned in front of Mrs. Jessie Jones' residence, when they stopped and took a drink of whisky, then returned to the church. The container of the whisky was a pint bottle, half full. They, of course, emptied it and threw it away.

After church McKay with his daughter and Naomi Katheryne, occupying the front seat with him, traveled Highway No. 227, going to his home. Before reaching the point where the automobile overturned and killed her, McKay's automobile passed that of Byron Donnley which was traveling in the same direction. Within about 300 feet of the barn of Cooper Gentry, McKay passed the car of Ball. McKay claims Ball was traveling 15 or 20 miles an hour and he was traveling 25 or 30 miles an hour. Ball testifies that McKay was traveling 40 or 50 miles an hour at the time he passed. Before reaching Gentry's barn, McKay claims he saw for the first time a Studebaker car parked partly in the Gentry driveway with the rear wheels about 20 inches, and the body about 3 or 3½ feet, in the highway; that he traveled without slackening his speed, going on the left side of the highway, in order to pass the Studebaker, when the wheels of his car began to skid—the road being wet. To be accurate, we here use his language: The Studebaker was "three or three and one-half feet out on the road." "I pulled over to the left to keep from colliding—my hind wheels began to skid—my left front wheel running in the direction of the car on my right side." "I turned my car back to my left, running in the direction of the big tree in Mark Gentry's yard—almost running into the tree." "I swung back and run in line to mail box." "The car skidded off of the road and turned over." "I had no control of it from the time it started to skid until it turned over about 300 feet from the Studebaker." "The Suter girl was caught between the door and the top." She was immediately removed and carried to the doctor's office, then to the home of McKay, where she died.

The Studebaker belonged to the Kentucky Power & Light Company and had been driven to the point where it was parked by one of its employees. At the time McKay passed the Studebaker, Homer Hughes and Jesse Carrico were in it.

On a trial before a jury a verdict was returned for

the Kentucky Power & Light Company, the owner of the Studebaker.

The basis of the cause of action of the administrator is the car of the Kentucky Power & Light Company was, by its agents, negligently parked "on that part of the highway used for public travel and on that portion over which McKay was compelled to travel"; "that he did not know it was so parked" "upon the highway until he approached within a few feet of same;" and he "was compelled to, and did, turn to the left," and in so doing as the proximate result thereof, "his car began to skid and turned over and inflicted such injuries on Naomi Katheryne Suter that she presently died therefrom." The Kentucky Power & Light Company traversed the petition and pleaded that McKay's negligence was the sole cause of her death.

The administrator is here complaining because the court refused to give offered instructions and overruled his objection to certain given instructions. The offered instructions read:

"The court instructs the jury that it was unlawful and negligent for the defendant, Kentucky Power and Light Company, a corporation, its officers, agents or employees, acting within the scope of their employment, to stop its automobile or automobiles upon State Highway No. 227 at the time and place complained of, if it did so, at any point within 100 feet from the brow of a hill or curve in the road which obstructed the view for a distance of less than 150 feet from the crest of the hill, if any, or curve, if any, or other obstructions, if any. The court instructs the jury that if they believe from the evidence in this case that the driver of the car in which Naomi Katheryne Suter was riding acted in an emergency produced by the negligence, if any, of the defendant, its officers, agents or employees, then he is not held to the same strict rule or ordinary prudence required and demanded of one not so situated. The court instructs the jury that the decedent, Naomi Katheryne Suter, was responsible only for such negligence, if any there was, that she was guilty of, and she is not liable for any contributory negligence, if any there was, that may have been committed by the driver of the machine in which she was riding."

Not only should the instructions in every case be based on the pleadings, but on pleadings supported by evidence sufficient to authorize a submission of the issues presented by the pleadings. It is always the duty of the court to confine his instructions to issues made by pleadings which are supported by the evidence. Edge v. Ott, 151 Ky. 672, 152 S. W. 764; Hess' Adm'r v. Louisville & N. R. Co., 249 Ky. 624, 61 S. W. (2d) 299; City of Prestonsburg v. Mellon, 220 Ky. 808, 295 S. W. 1064; Black Mt. Corporation v. Webb, 228 Ky. 281, 14 S. W. (2d) 1063. There was neither pleading nor evidence authorizing the giving of the first-quoted instruction and under the familiar rule that a requested instruction on a cause of action not pleaded should not be given the court properly refused it. Minor v. Gordon, 171 Ky. 790, 188 S. W. 768. Another way of stating the same is, instructions should be limited to the things alleged. Eastham v. Stumbo, 212 Ky. 685, 279 S. W. 1109. The court properly refused to give the third quoted instruction. There was no plea of contributory negligence in the pleading of either the administrator or the Kentucky Power & Light Company, and for this reason alone no instruction thereon was proper.

In the petition, the administrator particularly pleaded special negligence as the basis of his cause of action. The power and light company took the broad position that the negligence of McKay was the sole cause of the death of the decedent. Even if the pleadings be regarded as sufficient to authorize the admission of evidence of an emergency caused by the negligence of the power and light company, there was no evidence tending to show an emergency existed. McKay admits that he saw the Studebaker and its position in the road when he was 100 feet away from it. The highway was 22 feet wide; 16 feet of which was metaled and 3 feet on each side of the metal was suitable for travel. He had the distance of 100 feet in which to bear to the left, and if the Studebaker was 3 or 3½ feet on the metal portion of the highway, there was ample space for his safe passage. There is a total absence of any evidence of the existence of an "emergency," as this term is used in the offered instruction. "Emergency" means "any event or occasional combination of circumstances which calls for immediate action or remedy; pressing necessity; exigency." People v. Board of Sup'rs, 21 Ill. App. 271, 274. San Christina Investment Co. v.

City of San Francisco, 167 Col. 762, 141 P. 384, 52 L. R. A. (N. S.) 676.

With special negligence alleged as the basis of his cause of action and the evidence not tending to establish an emergency, the court properly refused to give an instruction presenting this theory. Louisville & N. R. Co. v. Whittle's Adm'rs, 216 Ky. 314, 287 S. W. 894.

The given instructions of which complaint is made, read:

"The jury is further instructed that if they do not believe that the said car of the defendant was protruding on the highway, then they should find for the defendant, or,

"If the jury believe that the said car was protruding on the highway, but that the same did not interfere with the said McKay in driving his car mentioned in the evidence along said highway if he were driving said car in a reasonably prudent manner, considering the condition of the road whether wet, slippery or dry, then the jury should find for the defendant, or,

"If the jury believe that said car of the defendant protruded on the highway at the place mentioned in the evidence, but that said car being in said position was not the direct and proximate cause of the car in which plaintiff's intestate was riding being overturned, then you should find for the defendant."

The affirmative defense of the power and light company and the evidence supporting it authorized the giving of these instructions.

The evidence of the power and light company was that the Studebaker was parked in the driveway leading to Gentry's barn; the front of it almost against the barn and the rear beyond any portion of the highway. That in behalf of the administrator established the contrary. It was the province of the jury to accept the testimony in behalf of either party. The power and light company insists that although the court may have erred in giving the instructions to which an objection is presented, the giving of the same were not prejudicial, since it was entitled to a directed verdict.

Proximate cause is to be determined as a fact in

view of the circumstances attending it. Beiser v. Cincinnati, N. O. & T. P. R. Co., 152 Ky. 522, 153 S. W. 742, 43 L. R. A. (N. S.) 1050. It is that cause which naturally leads to, and which might have been expected to have produced, the result. The connection of cause and effect must be established. And if a cause is remote and only furnished the condition or occasion of the injury, it is not the proximate cause thereof. Logan v. Cincinnati, N. O. & T. P. R. Co., 139 Ky. 202, 129 S. W. 575. The proximate cause is a cause which would probably, according to the experience of mankind, lead to the event which happened, and remote cause is a cause which would not, according to such experience, lead to such an event. It is superfluous to say there can be no recovery on account of negligence of another which was not the proximate cause of the injury complained of. Evans' Adm'r v. Cumberland Tel. & Teleg. Co., 135 Ky. 66, 121 S. W. 959, 135 Am. St. Rep. 444.

Accepting the testimony in behalf of the administrator and entirely disregarding that of the power and light company, it is inconceivable even though the Studebaker was parked 3 or 3½ feet in the 16 feet of the traveled portion of the highway, leaving out of consideration the 3 feet of the "soft shoulder" on the side of the highway opposite the Studebaker, that its location on the edge of the highway was even a remote, much less the proximate, cause of McKay's car skidding, and turning over 300 feet therefrom and killing the deceased. McKay's asseveration that its presence caused his car to skid at all, much less a distance of 300 feet, even if it was necessary for him to turn his car to the left 3 or 3½ or more feet on account of the presence of the Studebaker, is conjectural and fanciful. It comports with neither reason nor experience. Its unsubstantiality is like unto that of "an iridescent dream." It should have been expected the jury's verdict would be for the defendant, whatever the instructions of the court might have been, other than a peremptory in favor of the administrator. The power and light company was entitled to a directed verdict, and, whatever error may have been committed in giving the objectionable instructions, conceding they were inappropriate and erroneous, the giving of them was not prejudicial.

Wherefore, the judgment is affirmed.