**UNITED FUEL GAS COMPANY,**
**a Corporation, Appellant,**

**v.**

**Wilson D. ROWE et al., Appellees.**

Court of Appeals of Kentucky.

March 20, 1964.

J. Peyton Hobson, Jr., Hobson & Stephens, Pikeville, C. E. Goodwin, H. Raymond Andrews, Jr., Charleston, W. Va., for appellant.

V. R. Bentley, Pikeville, for appellees.

MONTGOMERY, Judge.

Wilson D. Rowe et al. were awarded $3,100 in damages by a judgment against United Fuel Gas Company arising from the laying of a gas pipeline across their property. On appeal the instructions are attacked.

By their complaint as amended, appellees claimed that in the laying of a gas pipeline the appellant exceeded its rights and "through the wanton and malicious acts of the defendant (appellant), by its agents, servants and employees not in the reasonable exercise of its easement rights therein and thereunder" damaged appellees' residence, bottom land, trees, crops, and fence. Appellant claimed that the pipeline construction was done in a workmanlike manner under a right of way agreement. Appellant also had an oil and gas lease on the property. The proof in the main conformed to the pleadings.

Appellant urges on appeal that the instructions were erroneous in various respects. Appropriate objections were made. CR 51.

■ Appellant complains that Instruction No. 1 was based on appellant's rights under the gas lease instead of under the right of way agreement. The rights of appellant under the right of way agreement are broader and more specific than they are under the lease. It was error to base the instructions on the lease rather than on the right of way agreement inasmuch as appellant based its right in its answer on the agreement. There was no issue concerning appellant's rights under the lease. Edge v. Ott, 151 Ky. 672, 152 S.W. 764.

■ The court gave five separate instructions on five different items of dam-age. None of the instructions set forth the rights of appellant under its right of way agreement; hence, the jury was in ignorance of these rights. The pleadings presented an issue as to what appellant had done by way of damages not in the necessary and prudent construction and laying of the pipeline under the right of way agreement. As an example, Instruction No. 2 permitted appellees to recover damages for injury done to trees without telling the jury that appellant had the right under its agreement to cut and remove such trees as were necessary to be removed from the right of way in the prudent conduct of the construction and laying of the pipeline. The court should have instructed the jury concerning the relative rights of the parties under the right of way agreement and should have submitted the question as to whether the acts causing damage were prudently and necessarily done. Regal Block Coal Company v. Bentley, 204 Ky. 66, 263 S.W. 683.

■ Injuries to appellees' residence, bottom land, fence, and trees are injuries to real property. The injuries flowing from the construction and laying of the pipeline are permanent in nature. The measure of damage for permanent injury to real estate is the difference between the market value before and after the injury. Blue Diamond Coal Company v. Press Eversole, Ky., 253 S.W.2d 580; Chapman v. Beaver Dam Coal Company, Ky., 327 S.W.2d 397. The several instructions given might well have been embodied in a single instruction containing this measure of damage. The instructions given were erroneous for such failure. No instruction was given on damage to crops, indicating that there was no evidence on which to base such an instruction.

■ By Instruction No. 4, the jury was empowered to award damages for such failure to lay the pipeline "underneath the soil" as interfered with cultivation of the land. On the "Perlina Keene Tract" part of the pipeline was not placed beneath the

surface because the surface was stone. The right of way agreement provided that "the gas line * * * shall be constructed and maintained below cultivation, so that grantors may fully use and enjoy the premises .* * *." The language used indicates that it was intended for the appellees to have full enjoyment of their lands primarily for the purpose of cultivation. Attainment of this objective is not lessened by a failure to place the pipeline below the surface when it passed over solid rock. The failure to lay the pipe beneath a stone surface obviously would not interfere with cultivation. No instruction authorizing such damages should have been given.

Judgment reversed for a new trial consistent herewith.