**Peggy S. RILEY et al., Appellants,**

v.

**Edwin L. BURGESS, Appellee.**

Court of Appeals of Kentucky.

Jan. 20, 1967.

M. C. Redwine, Jr., Winchester, for appellants.

Marshall McCann, Jr., Winchester, for appellee.

CHARLES M. ALLEN, Special Commissioner.

This is an appeal from a summary judgent for the appellee granted by the Clark Circuit Court in a damage action filed by the appellants. The only question involved is the correctness of the summary judgment.

On December 15, 1963, at 6:22 a. m. an automobile driven by the appellant Mrs. Riley struck the rear left wheels of the parked truck of the appellee in Winchester on North Main Street. The truck was

parked next to the curb on the west side of North Main Street as is permitted by the city. It was parked at an angle less than 45 degrees and in such a manner that the right rear wheels of the truck were some 5 to 7 feet from the curbing.

North Main Street is 40 feet wide and there was no moving traffic on it at the time of the accident. The street was wide enough to accommodate parked cars on both sides and two lanes of traffic. Mrs. Riley did not see the truck until she was a car's length or two away, and when she applied her brakes, her right fender hit only the wheels of the left side of the truck. The skid marks left by her car's right wheels were about 10 feet from the curb. There was no rain or snow at the time of the accident but it was still dark. There were no cars parked on the east side of Main Street and none on the west side of Main Street to the rear of the truck. The accident occurred on Sunday morning and there were no witnesses to the accident other than Mrs. Riley and her mother Mrs. Blackwell, who was a passenger in Mrs. Riley's car, although there were two witnesses who according to counsel for appellants saw and photographed the position of Mrs. Riley's automobile and of appellee's truck following the accident.

In Hines v. Westerfield, Ky., 254 S.W.2d 728, the circuit court jury returned a verdict of $950 in favor of appellee for damages to his truck resulting from an accident which occurred in the town of Whitesville on the Owensboro Road. There Mrs. Hines parked her husband's automobile in such a manner that it extended into the traveled portion of the street for a distance estimated at from 18 inches to 3 feet. The car remained parked for two days by which time an additional 18 inches obstruction in the street had been caused by snow which had been banked against the side of the car by a snow plow. The appellee driving his truck during the afternoon when about 100 feet from the parked car observed an automobile approaching him from the opposite direction. This automobile pulled to its left directly into the path of appellee's truck and parallel with the appellants' parked car. Appellee then drove his truck into a ditch to avoid a collision. The Court of Appeals held that since the street was 21 feet wide, even though the parked car extended out for 3 feet and there was snow for a distance of 1½ feet, there was still a width of 16½ to 17 feet on which vehicles could safely pass. It, therefore, held that the act of appellant in parking her car on the street was not a proximate cause of the accident and that the act of the third driver was a superseding cause which brought about the accident.

In Duff v. Lykins, Ky., 306 S.W.2d 252, it was held that a verdict should have been directed for the defendant in an action where he left his automobile parked on North Main Street in Hazard without leaving his lights on and plaintiff drove her automobile into the parked car. The street in question was 28 feet wide and was illuminated by street lights approximately 150 feet on each side of the point of collision.

Proximate cause is defined as a cause which would probably, according to the experience of mankind, lead to the event which happened and remote cause is a cause which would not, according to such experience, lead to such event. It is superfluous to say there can be no recovery on account of negligence of another which was not the proximate cause of the injury complained of. See Suter's Administrator v. Kentucky Power and Light Company, 256 Ky. 356 at page 362, 76 S.W.2d 29 at page 32.

In the instant case there was no obstruction to Mrs. Riley's view of the truck and no glare from the lights of approaching vehicles. It is obvious that she was not keeping a proper lookout. Even though the truck was parked improperly, had Mrs. Riley been keeping a lookout she would have had 30 feet of street on her left side to use to avoid striking the truck. She had been going in a straight direction for

some 500 feet and hence there is involved here no question of her coming suddenly upon an improperly parked truck. It seems apparent that the negligence of the owner of the truck in parking the truck at an angle to the curb was not the proximate cause of the injury but that the proximate cause was Mrs. Riley's negligence in driving her car without keeping a proper lookout. We believe that the trial court was correct in entering the summary judgment for the appellee and that it should be affirmed.

The judgment is affirmed.